## CUYAHOGA RIVER POWER COMPANY *v.* CITY OF AKRON.

### APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF OHIO.

No. 465. Argued October 20, 1915.—Decided March 20, 1916.

As the bill in this case states that a municipality does not intend to institute proceedings to condemn, but does intend to take plaintiff's property rights without compensation, and has taken steps that will destroy such rights, and that in so doing it purports to be acting under an ordinance which violates the contract clause of, and the Fourteenth Amendment to, the Federal Constitution, *held* that such municipal action is to be regarded as action of the State, and as the only way to determine whether plaintiff has rights that the municipality is bound to respect, is to take jurisdiction and determine the case on the merits, the District Court has jurisdiction.

THE facts, which involve the jurisdiction of the District Court, are stated in the opinion.

*Mr. Carroll G. Walter* and *Mr. John L. Wells*, with whom *Mr. Wade H. Ellis, Mr. R. Golden Donaldson* and *Mr. Charles A. Collin* were on the brief, for appellant.

*Mr. Charles F. Choate, Jr.,* with whom *Mr. Jonathan Taylor* was on the brief, for appellee.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a bill in equity brought by an Ohio corporation against a city of Ohio to prevent the latter from appropriating the waters of the Cuyahoga River and its tributaries above a certain point. It alleges that the plaintiff was incorporated under the laws of Ohio for the purpose of generating hydro-electric power by means of dams and canals upon the said River, and of disposing of the same; that it has adopted surveys, maps, plans and profiles to that end, has entered upon, located and defined the property rights required, has instituted condemnation proceedings to acquire a part at least of such property, has sold bonds and spent large sums and has gained a paramount right to the water and necessary land. The bill also alleges that the City has passed an ordinance appropriating the water and directing its solicitor to take proceedings in court for the assessment of the compensation to be paid. The District Court dismissed the bill for want of jurisdiction on the ground that it presented no Federal question, because if the plaintiff had any rights they could be appropriated only by paying for them in pursuance of the verdict of a jury and a judgment of a court. It made the statutory certificate and the case comes here by direct appeal. 210 Fed. Rep. 524.

It appears to us that sufficient attention was not paid to other allegations of the bill. After setting out various passages from the statutes and constitution of Ohio and concluding that the City has no constitutional power to take the property and franchises that the plaintiff is alleged to own or any property for a water supply, it alleges that the City does not intend to institute any proceedings against the plaintiff but intends to take its prop-

erty and rights without compensation; that it is building a dam and has taken steps that will destroy the plaintiff's rights; that it is insolvent; that the purpose of the ordinance and certain statutes referred to is to appropriate and destroy those rights without compensation; that the defendant purports to be acting under the ordinance, and that in so acting it violates Article I, § 10, and the Fourteenth Amendment of the Constitution of the United States. It is established that such action is to be regarded as the action of the State. *Raymond* v. *Chicago Union Traction Co.*, 207 U. S. 20. *Home Telephone & Telegraph Co.* v. *Los Angeles*, 227 U. S. 278. Whether the plaintiff has any rights that the City is bound to respect can be decided only by taking jurisdiction of the case; and the same is true of other questions raised. Therefore it will be necessary for the District Court to deal with the merits, and to that end the decree must be reversed.

*Decree reversed.*