AMALGAMATED ASS'N OF STREET, ELECTRIC RY. & MOTOR COACH EMPLOYEES OF AMERICA, DIVISION NO. 1127, et al. v. SOUTHERN BUS LINES, Inc.

No. 13389.

United States Court of Appeals Fifth Circuit.

May 10, 1951.

220

Evelyn Hunt Conner, Bay St. Louis, Miss., L. Barrett Jones, Jackson, Miss., Ben Stevens, Hattiesburg, Miss., for appellants.

Grove Stafford, Alexandria, La., Robert C. Cannada, J. Morgan Stevens, Jackson, Miss., Karl H. Mueller, Fort Worth, Tex., for appellee.

Before HUTCHESON, Chief Judge, and McCORD and BORAH, Circuit Judges.

BORAH, Circuit Judge.

The plaintiffs-appellants, Amalgamated Association of Street, Electric Railway and Motor Coach Employees of America, Division No. 1127, a labor organization, brought this action for the benefit of the plaintiff R. E. Harper, and all other union members and employees of defendant Southern Bus Lines, Inc., who are similarly situated, to compel the defendant-appellee to arbitrate proposed changes in an alleged existing contract of employment. The appellee moved to dismiss the complaint for want of jurisdiction and for failure to state a claim upon which relief could be granted. The District Court held that the allegations in the complaint did not state a ground for relief, and from the ensuing judgment of dismissal, this appeal was taken.

While the assignments of error relate to the court's dismissal of the case on the

merits, the question of jurisdiction has been raised in argument and must be first considered.

As grounds for jurisdiction, the complaint alleges "that this suit is based upon facts arising out of Interstate Commerce and under a contract between the plaintiffs and the defendant involving interstate transportation and, therefore comes within the provisions of the statutes of the United States of America governing the interstate transportation of passengers, freight and other commodities, and is controlled by the laws of the United States and the contract hereinafter referred to which was made pursuant to the obligations of all of the parties to contract for the interstate transportation above referred to." The complaint then alleges that the Union, acting for and on behalf of its members, entered into a contract with the defendant effective May 16, 1947; that under the terms of the agreement if modification or termination of the contract was desired, it was the duty of either party to give notice in writing to the opposite party of that desire at least thirty days prior to May 16, 1947, the expiration date of the original year of the contract; that on the 14th day of April, 1947, the plaintiffs gave proper notice to the defendant of their desire to have certain modifications made in the contract [1] and the defendant countered with a like proposal; that plaintiffs and the defendant negotiated for many days on the subject of the modifications of the existing contract and when it became apparent that no agreement could be reached, the plaintiffs demanded arbitration of the issues, in conformity with the contract, but the defendant refused and still refuses to accede to this request and because of this consistent refusal plaintiffs are entitled to a mandatory injunction, requiring the defendant to arbitrate with the plaintiffs all issues between them.

Upon the allegations of the complaint, we think it clear that the court below did not have jurisdiction over this controversy. No facts are alleged upon which the conclusion can legitimately be based that the District Court independently of the arbitration agreement would have jurisdiction of the "subject matter of a suit arising out of the controversy between the parties" as required by Section 4 of the Federal Arbitration Act, 9 U.S.C.A. § 4.[2] Agostini Bros. Building Corporation v. United States, 4 Cir., 142 F.2d 854, 857. No allegation is made that the amount in controversy exceeds $3,000, and more important, the complaint admits that there is no diversity of citizenship between the parties. The litigation therefore is halted at the threshold by the lack of facts which open the door to federal litigation unless there are to be found in the complaint sufficient allegations to disclose that the controversy is one which arises "under the Constitution, laws or treaties of the United States," Title 28, § 1331, U.S.C.A., and "the matter in controversy exceeds the sum or value of $3,000."

Nowhere in the complaint is it alleged that any provision of the federal constitution or a federal treaty or a law of the United States is involved. Nor is it alleged that there is a substantial dispute between the parties respecting the validity, construction or effect of some law of the United States, upon the determination of which the result depends.

"It is not enough that grounds of jurisdiction other than diverse citizenship may be inferred argumentatively from the statements in the bill, for jurisdiction cannot rest on any ground that is not affirmatively and distinctly set forth." Shulthis v. McDougal, 225 U.S. 561, 569, 32 S.Ct. 704, 706, 56 L.Ed. 1205. The question of jurisdiction must be determined from the face of the complaint. City Railway Co. v. Citizens' Street Ry. Co., 166 U.S. 557, 17 S.Ct. 653, 41 L.Ed. 1114; Cuyahoga-River Power Co. v. City of Akron, 240 U.S. 462, 36 S.Ct. 402, 60 L.Ed. 743. The jurisdiction of a federal court is never to be presumed, but must be made to affirmatively

---

1. These changes were over forty in number, and among other things requested the establishment of a pension plan by the defendant, the establishment of a sick leave plan, liberalized vacations and wage increases.

2. Appellants contend that the Federal Arbitration Act, 9 U.S.C.A. § 1 et seq., is controlling.

appear. Grace v. American Central Ins. Co., 109 U.S. 278, 283, 3 S.Ct. 207, 27 L.Ed. 932; Neel v. Pennsylvania Co., 157 U.S. 153, 15 S.Ct. 589, 39 L.Ed. 654.

"A suit to enforce a right which takes its origin in the laws of the United States is not necessarily, or for that reason alone, one arising under those laws, for a suit does not so arise unless it really and substantially involves a dispute or controversy respecting the validity, construction, or effect of such a law, upon the determination of which the result depends." Shulthis v. McDougal, supra.

In Gully v. First National Bank, 299 U.S. 109, 112, 57 S.Ct. 96, 97, 81 L.Ed. 70, the Supreme Court re-affirmed the same doctrine and speaking through Mr. Justice Cardozo said: "How and when a case arises 'under the Constitution or laws of the United States' has been much considered in the books. Some tests are well established. To bring a case within the statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action. Starin v. [City of] New York, 115 U.S. 248, 257, 6 S.Ct. 28, 29 L.Ed. 388; First National Bank [of Canton, Pa.] v. Williams, 252 U.S. 504, 512, 40 S.Ct. 372, 374, 64 L.Ed. 690. The right or immunity must be such that it will be supported if the Constitution or laws of the United States are given one construction or effect, and defeated if they receive another. Id.; King County [Wash.] v. Seattle School District, 263 U.S. 361, 363, 364, 44 S.Ct. 127, 128, 68 L.Ed. 339."

Viewing the case at bar against this background of established principle, we do not find in it the elements of federal jurisdiction. What is here involved is merely a controversy between the parties as to the construction of a contract which allegedly arises out of the laws of the United States respecting collective bargains between employer and employees in interstate commerce; but the right of action asserted does not arise out of those laws but only arises from the subsequent contractual relations of the parties. The wrongful breach of such relations does not confer federal court jurisdiction unless there is diverse citizenship. Barnhart v. Western Maryland Ry. Co., 4 Cir., 128 F.2d 709.

Since the court was without jurisdiction, it is unnecessary to consider whether the complaint states a claim upon which relief could be granted. The judgment of the District Court is vacated and set aside and the case is remanded to that court with instructions to dismiss for want of jurisdiction.