William T. CHEATHAM, Jr., Robert
A. Collier, Jr.
and
Avery S. Jones, Plaintiffs-Appellants,
v.
CARTER COUNTY, TENNESSEE,
Defendant-Appellee.
No. 16779.

United States Court of Appeals
Sixth Circuit.
July 20, 1966.

S. J. Milligan, Greeneville, Tenn. (Milligan, Silvers & Coleman, Greeneville, Tenn., Ferdinand Powell, Jr., Epps, Powell, Weller, Taylor & Miller, Johnson City, Tenn., on the brief), for appellants.

Jack R. Musick, County Atty., Elizabethton, Tenn. (Robert E. Banks, Elizabethton, Tenn., on the brief; Street, Banks, Merryman & Musick, Elizabethton, Tenn., of counsel), for appellee.

Before O'SULLIVAN and EDWARDS, Circuit Judges, and CECIL, Senior Circuit Judge.

CECIL, Senior Circuit Judge.

William T. Cheatham, Jr., Robert A. Collier, Jr. and Avery S. Jones, plaintiffs-appellants, whom we will call plaintiffs, brought this action in the United States District Court for the Eastern District of Tennessee, Northeastern Division, to recover compensation for land taken under condemnation proceedings by Carter County, Tennessee, defendant-appellant, and referred to herein as defendant. The complaint was filed on May 19, 1965, and on June 8, 1965, the district judge issued a preliminary injunction, enjoining the defendant through its agents, employees or attorneys from prosecuting the condemnation action then pending in the Circuit Court for Carter County.

Subsequently, on June 29, 1965, on motion of the defendant, the district judge dissolved the preliminary injunction and dismissed the complaint. This appeal followed. For the purposes of this appeal we must assume that the allegations of the complaint are true. The question is whether the complaint stated a cause of action over which the District Court has jurisdiction.

The pertinent facts of the complaint may be stated as follows: The land which was the subject of the condemnation action consisted of approximately 4400 acres situated in the Second Civil District of Carter County, Tennessee. It was alleged by the plaintiffs to be worth about $440,000. Carter County had authority under the laws of the State of Tennessee to take private property for public use under the power of eminent domain. (Section 23–1501 Tenn.Code Ann.)

On or about October 22, 1964, Crab Orchard Iron Company, a Tennessee corporation, was seized in fee simple in severalty of the land in question. On this same date, the Iron Company executed and delivered to the plaintiffs an option to purchase this land for a period of time at a price of $235,000. On November 19, 1964, the plaintiffs exercised their option to purchase and entered into a written agreement whereby the Iron Company agreed to sell and the plaintiffs agreed to buy the land in accordance with the terms of the option. Prior to the execution of this agreement, on or about November 9, 1964, the defendant acting through its duly authorized agent, the Quarterly County Court of Carter County, authorized and directed the institution of proceedings to condemn the land, for public park purposes, under defendant's power of eminent domain.

On or about November 27, 1964, the defendant gave notice to the Iron Company of its intention to file a condemnation action in the Circuit Court of Carter County, against its interest in the lands. The petition was filed on or about December 4, 1964. The defendant was placed in possession of the land by order of the Circuit Court. At the time of the giving of the notice, of the filing of the petition and of the obtaining of the order of possession, the defendant, through its agent and attorney, had knowledge and notice that the plaintiffs, as they alleged, were the owners of the equitable interest in fee simple in the lands.

The defendant did not set out, in its petition, plaintiffs' alleged equitable interest or make them parties to the condemnation proceeding. The Iron Company, as the sole defendant in the action, appeared, disclaimed any interest in the land and asked to be dismissed. It also set up the plaintiffs' sole interest in the property. At the time the complaint was filed in the District Court, the Iron Company was the only party defendant to the condemnation proceedings in the State Court. There were no actions pending in the State Court against the plaintiffs or their interests in the land in question. On or about January 25, 1965, the Iron Company executed and delivered its warranty deed to the plaintiffs for the land which is the subject of the condemnation action. The deed was recorded in the Registrar's Office for Carter County, in Deed Book 225 at page 93 on February 5, 1965.

The defendant, immediately upon the order of the court in the condemnation proceedings and through its authorized agent, the sheriff, took effective and actual possession of the land. The plaintiffs' representatives, when they went upon the land, were threatened with forcible ejectment by the defendant's agent. On April 15, 1965, plaintiffs' attorney made application to the defendant to make the plaintiffs parties to the State Court action. This request was refused.

The plaintiffs claim that neither they nor their equitable interest in the land have been brought before the State Court in the condemnation action. They allege that the defendant, under its claim of right and power of eminent domain, has entered upon and taken possession of their land. They claim that they are entitled to maintain this action against the defendant and to have assessed and determined just compensation for the taking of their property under Tennessee law. They pray for judgment against the defendant for $440,000. as damages and for all of the costs of this action.

The complaint invokes the jurisdiction of the District Court under Section 1332, Title 28, U.S.C., on the ground of diversity of citizenship, the amount in controversy being in excess of $10,000. There was a second claim for relief in the complaint brought in aid of the court's jurisdiction and for the purpose of obtaining a temporary and preliminary injunction pending the action in the District Court. A preliminary injunction was granted and dissolved and we are not now concerned with the second claim for relief.

Section 23–1516 Tenn.Code Ann. provides that in condemnation actions by counties, "All parties having any interest or rights in such lands may be made defendants and proceedings shall only cover and affect the interest of those who are actually made parties, * * * " The plaintiffs have requested the defendant through its counsel to make them defendants. By Section 23–1522 Tenn.Code Ann., "Any such person claiming any interest or any rights therein may file appropriate pleadings or intervention at any time before verdict or award, and be fully heard thereon." Counsel on behalf of the defendant say that the plaintiffs have been invited to intervene.

This is sort of a cat and mouse game whereby the respective parties hope to gain an advantage in the choice of a forum for the determination of the amount of damages. Admittedly counsel for the defendant want this question determined by a jury in the State Court

and counsel for the plaintiffs want a federal jury to decide the question. Counsel for the defendant do not want to make the plaintiffs parties for the reason that they might then remove the case to the Federal Court. Counsel for the plaintiffs do not want to intervene for the reason that they would be held to have chosen the State Court forum.

We consider first the nature of the plaintiffs' interest in the land upon the execution of the contract of sale. The general rule is stated in Bates v. Dennis, 30 Tenn.App. 94, 100, 203 S.W.2d 928, 930, cert. den. by Tenn.Sup.Ct. Jan. 11, '47,

"If there was a valid executory contract between Bates and Dennis, for the purchase and sale of the property, then in the eyes of equity the ownership passed to Dennis even though no deed was executed. In that event Bates would hold the legal title upon a naked trust which would follow it into the hands of his heirs. In other words, the vendee's equitable estate avails against the vendor's heirs, and devisees. The applicable doctrine is to be found in the maxim that equity regards that done which ought to have been done."

See also Greenwood v. Maxey, 190 Tenn. 599, 231 S.W.2d 315.

In Secombe v. Steele, 61 U.S. (20 How.) 94, 103–104, 15 L.Ed. 833, the Court said,

"But in equity, the estate bargained and agreed to be sold becomes the property of the purchaser as soon as the agreement is concluded. It will descend to his heirs at his death, or may be devised by him; while the purchase-money vests in the vendor, and forms a part of his personal estate."

See also Gunton v. Carroll, 101 U.S. 426, 25 L.Ed. 985; Lewis v. Hawkins, 90 U.S. (23 Wall.) 119, 23 L.Ed. 113; Benjamin v. Dinwiddie, 226 Ky. 106, 10 S.W.2d 620; Sewell v. Underhill, 197 N.Y. 168, 90 N.E. 430, 27 L.R.A., N.S., 233; Reed v. Lukens, 44 Pa. 200.

The plaintiffs definitely have an interest in the land which is the subject of the condemnation action and, in view of the disclaimer on the part of the Iron Company, it is the only outstanding interest in the land. As of the filing of this action, the defendant had brought no outstanding interest before the Circuit Court. Since, under Section 23–1516 Tenn.Code Ann., the condemnation proceedings cover only the interests of those who are made parties, no interests in the land were determined at the time this action was begun.

The defendant relies on having brought in, as a defendant in the condemnation action, only the Iron Company, the record title holder. It cannot be excused from naming, as defendants, the plaintiffs who held a substantial interest in the land, and whose interest under the assumed facts was known to the defendant and its attorneys and agents. It chose, so to speak, to bury its head in the sand, ostrich like, and ignore the real outstanding interest. The purpose of recording and registering deeds is to give the world constructive notice of transfers. One is still chargeable with the actual knowledge which one has. Kirklin v. Atlas Savings & Loan Ass'n, (Court of Chancery Appeals of Tenn.), 60 S.W. 149; Texas Co. v. Aycock, 190 Tenn. 16, 227 S.W.2d 41, 17 A.L.R.2d 322.

To name the plaintiffs as defendants in the condemnation action might result in removal of the case to the Federal Court, reason defendant's counsel. Well, so be it; if that is the right of the plaintiffs, it can't be denied by ignoring the facts. In Meredith v. City of Winter Haven, 320 U.S. 228, 234, 64 S.Ct. 7, 11, 88 L.Ed. 9, the Court said,

"The diversity jurisdiction was not conferred for the benefit of the federal courts or to serve their convenience. Its purpose was generally to afford to suitors an opportunity in such cases, at their option, to assert their rights in the federal rather than in the state courts. In the absence of some recognized public policy or defined principle guiding the exercise of the jurisdiction conferred, which would in exceptional

cases warrant its non-exercise, it has from the first been deemed to be the duty of the federal courts, if their jurisdiction is properly invoked, to decide questions of state law whenever necessary to the rendition of a judgment."

■ The Circuit Court of Carter County obtained jurisdiction of the res in the condemnation action. Carter County now has full possession and control of the land in question and that fact is not controverted. There remains for determination only the matter of damages—the amount Carter County must pay for the land. This is the subject of an in personam action. While the plaintiffs may intervene in the State Court we hold that they are not required to do so. There are present the requisites for jurisdiction of the District Court by reason of diversity of citizenship. The plaintiffs are residents of North Carolina and the defendant is a political subdivision of the State of Tennessee. The amount in controversy is grossly in excess of $10,000. In addition a federal question is involved. The plaintiffs are entitled to compensation under the Fourteenth Amendment to the Constitution of the United States. Section 1331, Title 28, U.S.C. We know of no authority that requires the plaintiffs to submit to the jurisdiction of the State Court for the determination of their compensation for the value of the land. Kline v. Burke Construction Company, 260 U.S. 226, 43 S.Ct. 79, 67 L.Ed. 226; Allegheny County v. Frank Mashuda Co., 360 U.S. 185, 79 S.Ct. 1060, 3 L.Ed.2d 1163; Rogers v. Girard Trust Co., 159 F.2d 239, C.A.6.

Authorities cited by counsel on this point are not applicable to the facts of this case.[1]

■ The district judge characterizes the plaintiffs' action as a "reverse condemnation" proceeding. He holds that under Section 23–1423 Tenn.Code Ann., such an action is limited to situations where there has been a taking without benefit of a formal condemnation proceeding. Counsel for plaintiffs say the action in the District Court is one for damages against the defendant for taking of plaintiffs' property without compensation. We agree. Such an action is authorized by Section 23–1423 Tenn.Code Ann., wherein it provides "or he may sue for damages in the ordinary way * * "

Johnson v. Roane County, 212 Tenn. 433, 370 S.W.2d 496; Duck River, etc. Co. v. Cochrane, 71 Tenn. (3 Lea) 478, 480; Armstrong v. Illinois Central Railroad Co., 153 Tenn. 283, 282 S.W. 382; East Tennessee & W. N. C. R. Co. v. Gouge, 30 Tenn.App. 40, 203 S.W.2d 170, cert. den. by Tenn.Sup.Ct. April 12, 1947, rehearing den. June 26, 1947; Atlanta, K & N Ry. Co. v. Southern Ry. Co., 131 F. 657, C.A.6, cert. den. 195 U.S. 634, 25 S.Ct. 791, 49 L.Ed. 354.

We agree with the district judge in dissolving the preliminary injunction. The injunction is not necessary to protect the plaintiffs' recovery of a judgment nor does their right of action depend upon it.

■ Counsel for the defendant argue that the State of Tennessee is the real party in interest and that the judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against any one of the states by citizens of another state. This does not appear in the record before us. As heretofore indicated we must determine this case on the facts alleged in the complaint.

The judgment is reversed and the case is remanded to the District Court for further proceedings consistent with this opinion.

[1]. Evans v. St. Louis Housing Authority, 226 F.2d 750, C.A. 8, cert. den. 350 U.S. 993, 76 S.Ct. 542, 100 L.Ed. 859; Farmers' Loan and Trust v. Lake Street Elevated Railroad Co., 177 U.S. 51, 20 S. Ct. 564, 44 L.Ed. 667; Oliver v. Parlin & Orendorff Co., 105 F. 272, C.A. 5; Hutchinson v. Green, C.C. 6 F. 833; Palmer v. State of Texas, 212 U.S. 118, 29 S.Ct. 230, 53 L.Ed. 435; Lisenby v. Patz, D.C., 130 F.Supp. 670.