**Cornelia L. HACZELA, Plaintiff,**
v.
**The CITY OF BRIDGEPORT et al., Defendants.**

**Albert B. DEZSO et al., Plaintiffs,**
v.
**The CITY OF BRIDGEPORT et al., Defendants.**

**Goldie DEZSO, Plaintiff,**
v.
**The CITY OF BRIDGEPORT et al., Defendants.**

**Grace DEZSO, Plaintiff,**
v.
**The CITY OF BRIDGEPORT et al., Defendants.**
**Civ. Nos. 11887–11890.**

United States District Court
D. Connecticut.
Jan. 28, 1969.

Robert Zanesky, of Slavitt & Connery, Norwalk, Conn., for plaintiffs.

Edward J. Caldwell, Bridgeport, Conn., for defendants.

TIMBERS, Chief Judge.

The City of Bridgeport and its Redevelopment Agency have moved, pursuant to Rule 12(b)(6), Fed.R.Civ.P., to dismiss each of the four above entitled actions on the grounds that (1) the claim, if based on negligence, cannot be maintained against a municipal corporation in the performance of a government function; and (2) the claim, if based on nuisance, is without foundation in fact or law. Jurisdiction in these actions is premised upon 28 U.S.C. § 1331, in that plaintiffs claim to have been deprived of their property in violation of the Fifth and Fourteenth Amend-

ments to the United States Constitution, and upon 28 U.S.C. § 1332.[1]

## QUESTIONS PRESENTED

(1) Are defendants protected by the doctrine of sovereign immunity from their alleged willful and wanton negligence?

(2) Does the complaint state a claim for relief in nuisance, based upon the alleged conduct of defendants?

(3) Does the complaint, by implication, state a claim upon which relief can be granted, based upon the alleged taking of property in violation of the Fifth Amendment?

## FACTS

■ For the purposes of this motion, the facts as alleged by plaintiffs will be accepted as true. In brief, defendant Bridgeport Redevelopment Agency, pursuant to an area redevelopment plan, advised plaintiffs that their property would be taken by eminent domain unless plaintiffs accepted its offer for their property. When plaintiffs refused, the defendant City of Bridgeport approved the acquisition of plaintiffs' property by eminent domain, but the Agency refused to acquire the property.[2] Because of this refusal, and the uncertainty of the neighborhood during the initiation of related redevelopment activities, plaintiffs lost their tenants and were unable to relet their property.

Under Rule 8(a)(2), Fed.R.Civ.P., a complaint should provide "a short and plain statement of the claim showing that the pleader is entitled to relief." It need not contain a definite legal theory of the case. 2A Moore's Federal Practice ¶ 8.14 (2d ed.1968). Toward the conclusion of their amended complaint plaintiffs describe the conduct of defendants as an "intentional interference" with their rights (¶ 15), as "wan-

ton and willful negligence" (¶ 16), and as a "nuisance" (¶ 17).

The Court holds that the complaint does state a claim upon which relief can be granted. Defendants' motion to dismiss, accordingly, is denied in all respects.

### First: Negligence

■ Although "[i]t is the settled law of [Connecticut] that a municipal corporation is not liable for negligence in the performance of a governmental function," Lambert v. New Haven, 129 Conn. 647, 649, 30 A.2d 923 (1943), more than mere negligence has been alleged. In Pope v. New Haven, 91 Conn. 79, 88, 99 A. 51 (1961) (dissenting opinion, subsequently approved in Hoffman v. Bristol, 113 Conn. 386, 391, 155 A. 499 (1931)), the liability of a municipality for the commission of wanton injury or nuisance to the property of another was recognized. Construing the phrasing of this liability in the alternative as stating two distinct grounds beyond the pale of sovereign immunity, it is clear that "willful and wanton negligence" subjects a sovereign to liability. See generally, Restatement (Second) of Torts § 282 (1965): negligence "does not include conduct recklessly disregardful of an interest of others." In note e, such reckless disregard is equated to willful and wanton negligence. Since plaintiffs do not allege mere negligence by defendants, the doctrine of sovereign immunity is inapplicable.

### Second: Nuisance

"It is the duty of every person to make a reasonable use of his own property so as to occasion no unnecessary damage or annoyance to his neighbor. If the use is unreasonable the law will hold him responsible. . . . Determining unreasonableness is essentially a weighing process, involving a comparative

---

1. Civil Action No. 11,888 does not allege the existence of diversity of citizenship. It appears from the complaint that plaintiffs therein are citizens and residents of Connecticut.

2. Following the commencement of this action, condemnation proceedings were instituted and title to plaintiffs' properties has now passed to the City.

evaluation of conflicting interests in various situations according to objective legal standards." O'Neill v. Carolina Freight Carriers Corp., 156 Conn. 613, 617, 244 A.2d 372 (1968). See also Nair v. Thaw, 156 Conn. 445, 451, 242 A.2d 757 (1968).

■■ Althougn a municipality is exercising a proper governmental function and as such is granted immunity from its mere negligence in the performance of these functions, its liability for nuisance cannot be so avoided. Hoffman v. Bristol, supra, at 389–90.

■ Determination of whether or not conduct constitutes a nuisance is made subjectively by the trier of the facts upon consideration of all the facts and circumstances of the individual case. Herbert v. Smyth, 155 Conn. 78, 82, 230 A.2d 235 (1967); only on occasion will such determination be reversed. See, e. g., Wood v. Wilton, 156 Conn. 304, 240 A.2d 904 (1968).

■ The courts of this State apparently have not determined whether conduct such as that alleged in the complaint constitutes a nuisance; and such determination will not be made by this Court on the present record. Speculation is unwarranted where alternative grounds exist to dispose of the instant motion without reaching this question.

*Third: Constitutional Claim*

■ Notwithstanding the above discussion of legal theories advanced by the plaintiffs, a third ground on which their claim for relief is implicitly premised is the Due Process Clause of the Fourteenth Amendment which incorporates the Fifth Amendment's proscription against the taking of private property for public use without just compensation. Malloy v. Hogan, 378 U.S. 1, 4 (1964). Plaintiffs complain that the actions of defendants constituted a taking and appropriation of their property. In Sayre v. United States, 282 F.Supp. 175 (N.D.

Ohio 1967), the court held the claim of negligence to be legally insufficient against the City of Cleveland (under the Ohio doctrine of sovereign immunity) but treated it as "superfluous and ineffective", 282 F.Supp. at 186, and refused to dismiss the constitutional claim.[3]

In short, defendants' motion to dismiss the complaint would be granted if the only basis upon which plaintiffs could recover was mere negligence, since the doctrine of sovereign immunity would preclude recovery. But the complaint, by claiming damages for the willful and wanton negligence of defendants, for the creation of a nuisance, and implicitly for the taking of property in violation of the Fifth Amendment, states a good claim for relief. Accordingly, defendants' motion to dismiss is denied in all respects.

---

3. For another case in which it was held that a claim for relief was stated, see Foster v. City of Detroit, 254 F.Supp.

655 (E.D.Mich.1966), appeal docketed Nos. 17840, 17843 (6 Cir. July, 1966).