The CHIEF FREIGHT LINES COMPANY, Plaintiff,

v.

The MISSOURI HIGHWAY RECIPROCITY COMMISSION et al., Defendants.

Civ. A. No. 16386-3.

United States District Court,
W. D. Missouri, W. D.

March 13, 1970.

Warren H. Sapp, for Kretsinger & Kretsinger, Kansas City, Mo., for plaintiff.

Kenneth M. Romines, Asst. Atty. Gen., Jefferson City, Mo., for defendants.

### JUDGMENT OF DISMISSAL WITHOUT PREJUDICE

BECKER, Chief Judge.

This is an action under Article I, Section 8, Clause 3, of the United States Constitution by which plaintiff, an interstate motor carrier, seeks declaratory and injunctive relief against the prosecution of its driver in the courts of the State of Missouri for intrastate hauling in Missouri without the registration plates required by § 301.277 RSMo., V.A.M.S.

The parties have stipulated to all of the relevant facts in this action as follows:

"Plaintiff is a corporation organized under the laws of the State of Kansas, having its office and principal place of business at 2401 N. Harvard, Tulsa, Oklahoma; that defendant Commission is charged with entering into, and establishing rules and regulations governing interstate compacts or agreements relating to the reciprocal licensing of motor vehicles; that individual defendants named are members of that Commission and serve according to law; that the defendant Missouri State Highway Patrol is the state agency charged with enforcement of said agreements, rules and regulations, and defendant Hon. E. L. Hockaday is the Superintendent thereof, having power and responsibility for administering and supervising the operations of defendant Highway Patrol declaring policy, and issuing orders and directives controlling all subordinate officers of defendant Highway Patrol.

"The matter in controversy, exclusive of interest and costs, exceeds the sum of Ten Thousand Dollars.

"Plaintiff is a common carrier by motor vehicle holding authority from the Interstate Commerce Commission to transport freight in interstate or foreign commerce over regular routes between the Kansas City, Missouri-Kansas Commercial Zone, as defined by the Interstate Commerce Commission, and points and places in a number of states, including Kansas, Oklahoma, and Texas. Plaintiff operates some 200 motor vehicles for which plaintiff must purchase licenses.

"For the purpose of this law suit, with the possible exception of the factual situation which is submitted herein for determination by this Court, plaintiff does not now, nor has it ever, engaged generally in intrastate commerce in the State of Missouri.

"On or about the 15th day of January, 1967, plaintiff transported a trailer-load of freight from Kevandale, Texas, to Kansas City, Missouri. Upon arrival at Kansas City, Missouri, the tractor pulling said trailer was replaced at plaintiff's Kansas City, Missouri, terminal with another, bearing Oklahoma License number 701–440, for the conclusion of the journey to 801 Armour, North Kansas City, Missouri. The driver of the tractor, one Raymond Edward Lindsey, who was then the agent, servant, and employee of plaintiff, was arrested by Earl W. Yates, a trooper of the defendant Highway Patrol, prior to

delivery of the said freight, and charged with the following:

'No reciprocity on Oklahoma license; Unit hauling intra-state from 515½ Liberty, K.C., Mo. to 801 Armour, N.K.C., Mo., on Oklahoma license.'

"Defendants contend that the licensing requirements of the State of Missouri, Section 301.277, RSMo 1959, require plaintiff to procure at full cost, licenses for such tractors used to move a trailer carrying interstate freight, such movement being from plaintiff's terminal in Kansas City, Missouri, to the freight's final destination in Kansas City, Missouri.

"The prosecution arising from the aforesaid arrest of Raymond Edward Lindsey is now pending in the Magistrate Court of Clay County, Missouri, Eastern Division (District One), at Liberty, Missouri.

"Plaintiff has registered with, and paid all applicable fees and taxes to, the State of Oklahoma upon all motor vehicles owned or leased by it bearing Oklahoma license plates."

The contents of the reciprocity agreement which controls the case at bar, furthermore, are not disputed. In pertinent part, that agreement reads as follows:

"1. *Purpose of Agreement.* It is the purpose of this agreement to grant reciprocity, subject to exceptions noted herein to all vehicles properly registered and or licensed in one of the contracting Jurisdictions, as provided in this agreement, by the exemption from registration and payment of all fees and taxes in the other contracting Jurisdiction when such vehicles are used in any type of interstate vehicle operation in the other contracting Jurisdiction.

 *  *  *  *  *  *

"* * * Maintenance of a place of business in either of the reciprocating Jurisdictions shall entitle the owner to operate a vehicle, properly licensed in the Jurisdiction in which such business is located, between said Jurisdiction and the other Jurisdiction party hereto * * * the maintenance of a place of business in both of said Jurisdictions shall entitle the owner to operate a vehicle, which has been properly licensed under the laws of the Jurisdiction in which the vehicle is based, between such Jurisdiction and the other Jurisdiction party hereto."

The agreement, in turn, is authorized by statute, § 301.277, *supra,* which pertinently reads as follows:

"The [Highway reciprocity] commission may negotiate and enter into reciprocal agreements or arrangements with other states * * * to exempt, either wholly or partially, under such terms, conditions and restrictions as it deems proper, motor vehicles and trailers licensed in other states * * * no reciprocity shall be granted under any statute or agreement for the operation of any commercial motor vehicle within the state of Missouri solely in intrastate commerce, * * *."

The only issues of law and fact, which appeared from Standard Pretrial Order No. 2 filed herein by the parties was that plaintiff contended that the hauling of articles from plaintiff's Kansas City, Missouri, terminal to 801 Armour Road within Kansas City was part of an interstate commercial journey under the reciprocity agreement statute, while defendant contends that the delivery being made by plaintiff's tractor at the time of the arrest and issuance of the citation was an intrastate movement in intrastate commerce and thus without the applicability of the Missouri-Oklahoma Reciprocity agreement. The successor Attorney General of Missouri is not satisfied with the stipulations of Pretrial Order No. 2 and now asserts other legal and factual issues, including lack of ju-

risdiction of the Court. Under the circumstances, good cause is shown for relief from preclusion and the additional issues will be deemed to be in the case.

■■■ The complaint was filed herein on March 7, 1967. Thereafter, on August 18, 1967, by order of this Court, compliance with Standard Pretrial Order No. 1 was conditionally waived and the parties were directed to file Standard Pretrial Order No. 2 on or before August 25, 1967. The Standard Pretrial Order No. 2 was filed on August 29, 1967. Thereafter, the parties failed to request a hearing or otherwise to prosecute the case. Although the state prosecution upon which the complaint was based was dismissed by the state on November 29, 1967, this Court was not notified of the dismissal. Because of the foregoing and because it appeared that principles of summary judgment under Rule 56, F.R.Civ.P., as recently enunciated by the United States Court of Appeals for the Eighth Circuit in Cepeda v. Swift & Company (C.A.8) 415 F.2d 1205, might be applicable, this Court entered its order on February 24, 1970, setting a hearing herein in which the parties might offer evidence and argument. At the hearing held pursuant to that order on March 11, 1970, counsel for defendants reported and offered evidence to show that the case of State of Missouri v. Raymond Edward Lindsey, No. 16284, in the Magistrate Court of C. Patrick Bills at Liberty, Missouri, First or East District, had been "dismissed by Prosecuting Attorney" on November 29, 1967. Counsel for defendants also reported that the only authority under which future arrests of plaintiff's drivers might conceivably be made by the State Highway Patrol is the decision of the Missouri Supreme Court in 1964 in Campbell Sixty-Six Express, Inc. v. Dalton, Mo., 378 S.W.2d 558. But that case is not squarely in point on the facts of this case as are narrated above. *Campbell Sixty-Six Express* involved a Tennessee-based motor carrier whose vehicles bore Tennessee tags and whose vehicles hauled one load from Kansas City to Springfield, within Missouri, and another load from Springfield to Memphis "for the rest of the tractor's trip." 378 S.W.2d at 559. Further, "[s]ometimes the trailer and driver which have originated at Kansas City are both changed in Springfield although the tractor will continue on to Memphis, Tennessee, while the driver operates on a 'turn-around' basis." *Id.* Those facts distinguish that case from the one at bar. The case at bar involves, rather than the carrying of merchandise or passengers from one place to another within Missouri (as in *Campbell Sixty-Six*), the movement from one place to another within Missouri by a vehicle transporting a load of interstate character. There thus appears to be no decision of a tribunal in the state of Missouri applicable to the facts sought to be litigated in this case. Further, plaintiff, though given an opportunity to do so, has made no showing that it has attempted to obtain such a decision or ruling. "Where (1) unsettled questions of state law are enmeshed with federal questions in determining the validity and constitutionality of a state law or of state action, and (2) the state law problems are delicate ones, resolution of which is not without substantial difficulty, proper exercise of federal jurisdiction requires that the controversy be decided in the state tribunal preliminary to a federal court's consideration of the underlying federal questions, usually a federal constitutional question. This is the 'doctrine of abstention.'" Division 1287, Amal. Assn. of Street Electric Ry. v. Dalton (W.D.Mo.) 206 F.Supp. 629, 633. See also Railroad Commission of Texas v. Pullman, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971; United Gas Pipe Line Co. v. Ideal Cement Co., 369 U.S. 134, 82 S. Ct. 676, 7 L.Ed.2d 623; Chicago, Burlington & Quincy R. Co. v. City of North Kansas City (C.A.8) 276 F.2d 932, l. c. 937–940; Alabama State Federation of Labor v. McAdory, 325 U.S. 450, 65 S. Ct. 1384, 89 L.Ed. 1725; Annotations,

94 L.Ed. 879 and 3 L.Ed.2d 1827; 1A Moore's Federal Practice ¶ 0.203, p. 2101 et seq.; 1 Barron & Holtzoff, Federal Practice and Procedure, § 64, p. 339 et seq. As noted in the *Dalton* case, *supra,* the doctrine is not based upon any lack of power or jurisdiction but upon the sound discretion of the federal district court to decline to exercise jurisdiction in a proper case. Louisiana Power & Light Co. v. Thibodaux, 360 U.S. 25, 79 S.Ct. 1070, 3 L.Ed.2d 1058. See also Kurland, The Federal Court Abstention Doctrine, 24 F.R.D. 481.

Further, the dismissal of the prosecution of the plaintiff's driver in the state courts removes the only threat of immediate and irreparable injury from the purview of this case. There is no showing by plaintiff, therefore, that injunctive or other equitable relief of an extraordinary nature is necessary to prevent irreparable injury under current conditions. Plaintiff made no showing of any other threat in the hearing held herein on March 11, 1970. Nor is there any good reason to exercise discretion to render a declaratory judgment since the available state remedies are preferable and the basic controversy made moot by dismissal of the prosecution of the driver.

For the foregoing reasons, including plaintiff's failure to prosecute this action or to ask for a hearing or trial, its failure to obtain a ruling or decision from any state tribunal on the facts involved herein and its failure to show the immediate threat of irreparable injury in any respect, this cause should be dismissed without prejudice to plaintiff's refiling it under such current conditions wherein irreparable injury is threatened by state action under an applicable state decision.

It is therefore

Ordered and adjudged that this cause be, and it is hereby, dismissed without prejudice.