JIM YOUNG DEVELOPMENT CORPORATION et al., Plaintiffs,

v.

The STATE HIGHWAY COMMISSION OF MISSOURI, Defendant.

Civ. A. No. 1632.

United States District Court, W. D. Missouri, C. D.

July 22, 1971.

Theodore C. Beckett, Morris, Foust, Moudy & Beckett, Kansas City, Mo., for plaintiffs.

Robert L. Hyder, Jefferson City, Mo., for defendant.

ORDER DENYING DEFENDANT'S
MOTION TO DISMISS

WILLIAM H. BECKER, Chief Judge.

This is an action in which plaintiffs seek damages for an alleged "taking" of property and of their rights to "ingress

and egress to Route 152" from Beaman Drive, on a plot of ground owned and developed by the plaintiffs. Jurisdiction of this Court is invoked on the theory that there is a "federal question" involved in this litigation so that federal jurisdiction attaches under the provisions of Section 1331, Title 28, United States Code. In the complaint herein, plaintiffs' jurisdictional allegation is as follows:

"This action arises under the Fifth Amendment to the Constitution of the United States, Section Four, as made applicable to the States through the Fourteenth Amendment, Section One, as hereinafter more fully appears. The matter in controversy exceeds, exclusive of interest and costs, the sum of Ten Thousand Dollars ($10,000.00). Therefore, under the authority granted in 28 USC § 1331 (1964) jurisdiction is properly vested in this court.

\*    \*    \*    \*    \*    \*

"[D]efendant wrongfully and in violation of the unrestricted access rights of the plaintiffs and the property owners of The Coves subdivision, maliciously and wantonly destroyed the said connection, converted and concealed the said drain pipe and other materials utilized in the construction of the said culvert and street connection. In essence, instead of employing legal procedures to condemn the plaintiffs' property and unrestricted access rights, defendant summarily seized said rights without affording plaintiffs due process of law and without the payment of just compensation. Defendant continues, by the use of lawful force, to deny plaintiffs their right to utilize their access to said public highway.

"The action of defendant set forth in [the above paragraph] is in violation of plaintiffs' rights as guaranteed by Amendment Fourteen, Section One of the Constitution of the United States. Further, defendant, by taking plaintiffs' property and unrestricted right of access without the payment of just compensation, violated plaintiffs' rights as guaranteed by Amendment Five, Section Four and made applicable to the states through Amendment Fourteen, Section One of the Constitution of the United States."

Plaintiffs therefore request damages in the sum of $150,000.00.

■ The applicable rule regarding federal jurisdiction under § 1331, Title 28, United States Code, of condemnation actions such as that at bar is that the question of whether property was taken without due process of law or just compensation constitutes a "federal question" within the meaning of that statute. Cuyahoga River Power Co. v. City of Akron, 240 U.S. 462, 36 S.Ct. 402, 60 L.Ed. 743; Raymond v. Chicago Union Traction Co., 207 U.S. 20, 28 S.Ct. 7, 52 L.Ed. 78; Foster v. Herley (C.A.6) 330 F.2d 87; Foster v. City of Detroit (C.A.6) 405 F.2d 138; Haczela v. City of Bridgeport (D.Conn.) 299 F.Supp. 709, 712; Sayre v. United States (N.D.Ohio) 282 F.Supp. 175.[1] Federal jurisdiction

1. The apparently contrary cases of City of Cleveland v. Corley (C.A. 6) 398 F.2d 41, and Urban Renewal Authority of City of Trinidad, Colo. v. Daugherty, (D.Colo.) 271 F.Supp. 729, can be distinguished on the fact that they were cases wherein the condemnees were defendants, rather than plaintiffs, and thus the federal question did not exist in that the condemnation action did not *arise* from the constitution or laws of the United States within the meaning of Section 1331, Title 28, U.S.C., and "the action does not arise under federal law within the mean-

ing of the removal statute if the federal question enters into the case only by way of defense." 271 F.Supp. at 731. Similarly, Harrison-Halsted Community Group, Inc. v. Housing and Home Finance Agency (C.A. 7) 310 F.2d 99, cert. denied 373 U.S. 914, 83 S.Ct. 1297, 10 L.Ed.2d 414, and Green Street Association v. Daley (C.A. 7) 373 F.2d 1, which involved attempts to review agency policies which would have ultimated in takings under state law. Dixon v. West Virginia University Board of Governors (C.A. 4) 427 F.2d 12, 13, quotes dicta

therefore may be proper if the complaint can be somehow construed to allege a denial of due process of law.[2]

Defendant nevertheless moves to dismiss this action, stating that (1) the "two plaintiffs in this cause are, respectively, a general business corporation and a 'not-for-profit' corporation and are not persons within the meaning of the Fifth Amendment of the Constitution of the United States"; (2) "Section 1 of Amendment Fourteen of the United States Constitution also refers to persons 'born or naturalized in the United States' and has no application to corporations"; (3) "the cause of action, if any, set forth in the petition herein is one in tort, and the defendant is not liable in tort"; (4) "that the plaintiffs have not described sufficiently any property rights which they own and which has been taken or is threatened to be taken by the defendant"; (5) "the immunity of the State to a suit in tort has not been waived, and this proceeding seeks to secure a judgment in tort"; (6) "that if a property owner is granted a reasonable right of access to a public highway, the granting of such access exhausts his legal rights and he is not entitled to access at all points along the highway or street involved"; and (7) "that if there has been a taking of a property right of plaintiffs by defendant, then plaintiffs have an adequate remedy at law by inverse condemnation, but they do not have property rights in a dedicated public way."

■ With respect to defendant's first two contentions, that the plaintiff corporations cannot claim rights to due process or just compensation under the 5th and 14th Amendments, it is sufficient to state that "person" within the meaning of the due process clause of the 14th Amendment has long been held to include corporations. Louis K. Liggett Co. v. Baldridge, 278 U.S. 105, 49 S.Ct. 57, 73 L.Ed. 204.

■■ Defendant also contends that this action is in tort. It is recognized in many cases that a "taking" differs from the "damaging" of property in that the former necessarily includes the passing of title. Foster v. Herley, *supra*, 330 F. 2d at 89–90, and cases therein cited. But it is recognized in many cases that an appropriation of property may result in the passing of title. See cases cited in Foster v. Herley, *supra*, at 90; Haczela v. City of Bridgeport, *supra*, 299 F. Supp. at 712. Plaintiffs specifically allege a taking within the meaning of the Constitutional provisions. On a motion to dismiss, the allegations of the complaint must be viewed in the light most favorable to the plaintiffs. Conley v. Gibson, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80; Great Atlantic & Pacific Tea Co. v. Amalgamated Meat Cutters & Butcher Workmen of North America

from *Harrison-Halsted, supra*, but was a case wherein it was held that a breach of contract, under West Virginia law, could not be construed as a taking.

Some cases refusing federal jurisdiction of inverse or reverse condemnation brought by a nonresident of the state by which the property is taken appear to be contrary. But the reason for the refusal of jurisdiction in those cases appears to be the Eleventh Amendment's prohibition of federal jurisdiction of claims of a citizen of one state against another state. Therefore, generally, only by removal under the diversity statute can federal jurisdiction of these claims be achieved. See Anno., 4 A.L.R.Fed. 236. But contra is Cheatham v. Carter County (C.A. 6)

363 F.2d 582, stating that jurisdiction of such claims brought in federal district court originally is proper under Section 1331, Title 28, U.S.C.

2. See 27 Am.Jur.2d, Eminent Domain § 382, p. 248: "An owner of land regardless of diversity of citizenship, who is being deprived of his property by authority of a state without due process of law or in violation of his rights under the Federal Constitution in any other manner, may, instead of taking his case from the highest court of the state to the Supreme Court of the United States, institute proceedings in the Federal District Court."

(C.A.8) 410 F.2d 650; Leimer v. State Mut. Life Assur. Co. (C.A.8) 108 F.2d 302. The same principle applies to the plaintiffs' allegations that they are the "owners and developers" of the allegedly taken properties; and that, under the circumstances, they are entitled to unrestricted access to the highway. Questions of fact remain with regard to these allegations and the motions to dismiss directed against them. Defendant's last contention that plaintiffs can have no property rights in "a dedicated public way" is a factual contention, in the face of plaintiffs' allegation that their property rights have been taken without due process of law, which cannot appropriately be decided on a simple motion to dismiss. In Cheatham v. Carter County (C.A.6) 363 F.2d 582, 4 A.L.R.Fed. 226, it was held that a "reverse condemnation" proceeding could be brought under § 1331, *supra,* in the federal district court in the first instance.

All of the foregoing cases permitting federal jurisdiction under § 1331, Title 28, United States Code, to be invoked were cases in which the taking was made without due process of law. Thus, the cases of Foster v. Herley, *supra,* and Foster v. City of Detroit, *supra,* were cases in which the state did not offer a remedy in instances wherein property was taken by the city or state without due process of law. In Cuyahoga River Power Co. v. City of Akron, *supra,* the Supreme Court held that taking of property under the city ordinance would destroy plaintiffs' rights without compensation. Raymond v. Chicago Union Traction Company, *supra,* was a case in which equity jurisdiction was exercised in the absence of an adequate legal remedy. Haczela v. City of Bridgeport, *supra,* was a case in which the city first threatened to take the property by eminent domain then refused to do so. The uncertainty caused plaintiffs to lose their tenants and they were unable to relet their property. Sayre v. United States, *supra,* in addition to being an ac-

tion against the United States, involved an alleged "abuse in exercise of power of eminent domain." 282 F.Supp. at 175. And Cheatham v. Carter County, Tennessee, *supra,* involved a state condemnation proceeding in which plaintiffs had not been named as defendants because they might have removed the case to federal court on the principle of diversity of citizenship.

■ Under the law of Missouri Section 26 of Article I of the Missouri Constitution of 1945, V.A.M.S. provides plaintiffs with an adequate state remedy of inverse condemnation. Page v. Metropolitan St. Louis Sewer District, Mo., 377 S.W.2d 348, 354. Plaintiffs do not state that they have attempted to utilize this remedy nor any reason why it is inadequate. But the existence of this remedy cannot destroy the technical jurisdiction of the federal court under Section 1331, *supra.* In Foster v. City of Detroit, *supra,* it was stated that:

> "The fact that Michigan may have afforded a remedy does not destroy federal jurisdiction where the cause was one within its jurisdiction. Meredith v. City of Winter Haven, 320 U.S. 228, 64 S.Ct. 7, 88 L.Ed. 9 (1943); Lane v. Wilson, 307 U.S. 268, 59 S.Ct. 872, 83 L.Ed. 1281 (1939).

> 'The fact that the state courts afford a remedy will not in itself prevent recourse to the federal courts in cases over which they have jurisdiction. Barring exceptional circumstances, and subject to express statutory restrictions, a party may normally resort to a federal court without having first exhausted the *judicial* remedies of the state courts.' 1A Moore's Federal Practice, ¶ 0.201, p. 2023."

Further, the same case held that it would have been "judicially indiscreet" for the trial judge to have reconsidered jurisdiction after the state of Michigan supplied state remedies in 1965 or 1966, when "the Fosters' action accrued in 1960 when Detroit abandoned its first

condemnation." 405 F.2d 138. But the Court recognized that "Federal abstention is generally a matter of discretion," and the unmistakable implication is that the case might have been dismissed under the doctrine of abstention had Michigan provided appropriate remedies in 1960 when the action was commenced.

■ The abstention doctrine in respect to state condemnation cases has been the subject of a leading Supreme Court case and a body of commentary. In County of Allegheny v. Frank Mashuda Company, 360 U.S. 185, 79 S.Ct. 1060, 3 L.Ed.2d 1163, the County condemned lands for alleged public use and petitioned a Pennsylvania state court for the appointment of a board of viewers to assess damages for the taking. While an appeal from the award made by the board was pending, the owners of the property invoked federal diversity jurisdiction, challenging the validity of the condemnation proceeding on the ground that in fact their property was taken for a private use. The district court dismissed on the ground that it should not interfere with the administration of the affairs of a political subdivision acting under color of state law in a condemnation proceeding. The Third Circuit Court of Appeals reversed, holding that the action might be maintained in federal court. The Supreme Court of the United States agreed, stating as follows:

"Aside from the complete absence of any possibility that a District Court adjudication in this case would necessitate decision of a federal constitutional issue or conflict with state policy, the state law that the District Court was asked to apply is clear and certain. All that was necessary for the District Court to dispose of this case was to determine whether, as a matter of fact, the respondents' property was taken for the private use of Martin W. Wise, Inc." 360 U.S. at 196, 79 S.Ct. at 1067, 3 L.Ed.2d at 1171

In the same case, however, it was noted that abstention would be proper "in exceptional circumstances" and that:

"This Court has sanctioned a federal court's postponement of the exercise of its jurisdiction in cases presenting a federal constitutional issue which might be mooted or present in a different posture by a state court determination of pertinent state law . . . .

"This Court has also upheld an abstention on grounds of comity with the States when the exercise of jurisdiction by the federal court would disrupt a state administrative process, Burford v. Sun Oil Co., 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424; Commonwealth of Pennsylvania v. Williams, 294 U.S. 176, 55 S.Ct. 380, 79 L.Ed. 841, [96 A.L.R. 1166,] interfere with the collection of state taxes, Toomer v. Witsell, 334 U.S. 385, 392, 68 S.Ct. 1156, 1160, 92 L.Ed. 1460, [1469,]; Great Lakes Dredge & Dock Co. v. Huffman, 319 U.S. 293, 63 S.Ct. 1070, 87 L.Ed. 1407, or otherwise create needless friction by unnecessarily enjoining state officials from executing domestic policies, Alabama Public Service Com. v. Southern R. Co., 341 U.S. 341, 71 S.Ct. 762, 95 L.Ed. 1002; Hawks v. Hamill, 288 U.S. 52, 53 S.Ct. 240, 77 L.Ed. 610. But adjudication of the issues in this case by the District Court would present no hazard of disrupting federal-state relations. The respondents did not ask the District Court to apply paramount federal law to prohibit state officials from carrying out state domestic policies, nor do they seek the obvious irritant to state-federal relations of an injunction against state officials. The only question for decision is the purely factual question whether the County expropriated the respondents' land for private rather than for public use. The District Court would simply be acting as would a court of the State in

applying to the facts of this case the settled state policy that a County may not take a private citizen's land under the State's power of eminent domain except for public use." 360 U.S. at 189, 79 S.Ct. at 1063, 3 L.Ed.2d at 1166–1167.

In a case such as that at bar, however, when jurisdiction is sought to be invoked under the "federal question" statute, Section 1331, Title 28, United States Code, the law which must necessarily be applied is "paramount federal law." Further, as in all the foregoing cases, the question must necessarily be whether the state has abused its power of eminent domain. See Chicago, Burlington & Quincy Railroad Company v. City of Chicago, 166 U.S. 226, 17 S.Ct. 581, 41 L.Ed. 979; Norwood v. Baker, 172 U.S. 269, 19 S.Ct. 187, 43 L.Ed. 443. An action under the "federal question" statute always places in question the construction of paramount federal law. See Foster v. Herley, *supra,* 330 F.2d at 91, to the following effect:

"Whether a case arises under the Constitution or laws of the United States so as to confer jurisdiction upon the District Court is a question which has been much considered by the Federal Courts. At the present time it appears to be settled that it is not enough that the plaintiff seeks to enforce a right which has its origin in the Constitution or a law of the United States, but that it must be shown by the complaint that the right will be supported if the Constitution or law is given one construction and will be defeated if given a different construction. Gully v. First National Bank, 299 U.S. 109, 112–113, 57 S.Ct. 96, 81 L.Ed. 70; King County, Washington v. Seattle School District, 263 U.S. 361, 363–364, 44 S.Ct. 127, 68 L.Ed. 339; Shelby County, Tenn. v. Fairway Homes, Inc., 285 F.2d 617, 618, C.A. 6th; Weaver v. Pennsylvania-Ohio Power & Light Co., 10 F.2d 759, 760, C.A.6th; Amalgamated Ass'n of Street Elec. Ry. & Motor Coach Emp. of America, Division No. 1127 v. Southern Bus Lines, 189 F.2d 219, 222, C. A.5th.

"We are of the opinion that the amended complaint in the present case complies with these requirements. The plaintiff claims a right under the Fourteenth Amendment to the United States Constitution not to be deprived of his property without due process of law and that the acts of the defendant constituted such a deprivation. If the Fourteenth Amendment is so construed, it supports his claim. If it is not so construed, his claim is defeated. The District Court had jurisdiction under Section 1331, Title 28 United States Code, to decide this question. Cuyahoga River Power Co. v. City of Akron, 240 U.S. 462, 36 S.Ct. 402, 60 L.Ed. 743; Mosher v. City of Phoenix, 287 U.S. 29, 53 S.Ct. 67, 77 L.Ed. 148."

For the same reasons, in a case like that at bar, when the state has a statute which purports to be an adequate, unexercised remedy for the landholder, as does Missouri in Article I, Section 26 of the 1945 Constitution, the construction of the federal provision will necessarily entail a construction of the state provision to determine whether it comports with the "paramount federal law." In such an instance, abstention was held to be proper even when federal jurisdiction had been invoked on the diversity principle in Louisiana Power & Light Co. v. Thibodaux, 360 U.S. 25, 79 S.Ct. 1070, 3 L.Ed.2d 1058. See also, Wright, Law of Federal Courts § 52, pp. 196 ff. (2d. ed. 1970). In Railroad Commission of Texas v. Pullman Co., 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971, it was held that the doctrine of abstention was properly invoked to await a state decision when (1) the federal constitutional question posed for federal decision might become unnecessary and (2) state courts should be given the first opportunity to interpret state statutes. See 1A Moore's Federal

Practice ¶ 0.203[1], p. 2103 (1970 ed.); Chief Freight Lines Co. v. Missouri Highway Reciprocity Commission (W. D.Mo.) 311 F.Supp. 1128.

But in this case, as defendant contends, the Courts of Missouri have stated that, "an owner of land abutting on the street is not entitled . . . to damages for the impairment of access to his land and the lessening of light and air over it." Hill-Behan Lumber Company v. State Highway Commission, 347 Mo. 671, 148 S.W.2d 499; State ex rel. State Highway Commission v. Meier, Mo., 388 S.W.2d 855. It therefore appears that plaintiff may not have an adequate state remedy by which to assert his claim for just compensation in this case. A question of fact exists in this regard preventing the granting of the motion to dismiss.

It is therefore

Ordered that defendant's motion to dismiss be, and it is hereby, denied.