Thomas E. FOSTER, Plaintiff-Appellant,

v.

Mark HERLEY, Director of the Detroit Housing Commission, Detroit Housing Commission, City of Detroit, Michigan, Defendants-Appellees.

No. 15261.

United States Court of Appeals Sixth Circuit.

April 10, 1964.

John R. Jones, Detroit, Mich., on brief, for appellant.

Gellert A. Seel, Detroit, Mich., Robert Reese, Corporation Counsel, Edward M. Welch, Asst. Corporation Counsel, Detroit, Mich., on brief, for appellees.

Before MILLER and O'SULLIVAN, Circuit Judges, and TAYLOR, District Judge.

SHACKELFORD MILLER, Jr., Circuit Judge.

This action, filed by the plaintiff-appellant Thomas E. Foster in the District Court, arises out of condemnation proceedings instituted by the City of Detroit, Michigan, in the state court in 1950 against three tracts of land owned by the plaintiff, the freezing by the City of the use and management of

plaintiff's property during the pendency of the proceedings, with the resulting deterioration and eventual demolition of the buildings thereon, causing material damage to the plaintiff, and the eventual dismissal of the proceedings by the City in 1960 without taking title thereunder. The plaintiff claims deprivation of his constitutional rights under the Fourteenth Amendment to the Constitution of the United States, asserts jurisdiction of the District Court in that the action is one arising under the Constitution of the United States, and prays for certain relief, as is hereinafter more particularly pointed out. The District Court dismissed the action for lack of jurisdiction.

The facts as stated in the second amended complaint are summarized as follows. The plaintiff owned three tracts of land in an area in the City of Detroit, which the City in 1949 decided to condemn for Public Housing purposes, acting under appropriate legislation of the State of Michigan. The plaintiff, along with others owning property in this section, was called to the City Hall in February 1950 and told by a representative of the City of Detroit that the City was going to condemn this property and that he should do nothing at all to improve or maintain the property until the City of Detroit took it over, except keep a roof over the property and keep the water running. On June 7, 1950, the City instituted the condemnation proceedings, placed a lis pendens against all the property in the area, and froze the use and management of the property under a resolution of the Detroit Common Council, which provided that no new buildings could be erected nor any improvements made on the existing structures without special action by the Common Council. The condemnation proceedings were thereafter completed for some of the property in this area not owned by the plaintiff. Despite numerous requests therefor over a period of ten years no new buildings or improvements on existing structures were permitted, with one expensive exception.

In June 1960 the City dismissed the condemnation proceeding and removed the lis pendens filed some ten years earlier.

The amended complaint states that the plaintiff purchased his property in this area about 1943 and lived in one of the buildings on the property with his family; that he spent large sums of money in renovating and improving the property to make it attractive and livable; that he was able to rent portions of the several buildings not occupied by his family to a number of tenants at a good rental rate; and that his property was always in demand and occupied. The plaintiff followed the orders given to him by the City and, as a result of these actions on the part of the City, the area rapidly depreciated in value and appearance, large numbers of families moved out, it became difficult to rent the properties and obtain suitable tenants, the property in the area became run down and vacant, vandals looted the empty houses, fire insurance was cancelled, and, by reason of restrictions on the property, it became impossible to obtain mortgages.

The amended complaint further states that in 1958, after several tenants had moved out because of the run down and delapidated condition of the buildings, the plaintiff received notice from the City that because of the condition of the buildings on his property and because of lack of maintenance and upkeep, said buildings must be demolished at plaintiff's expense; that the City of Detroit offered to tear the buildings down for $5,000.00 provided that the plaintiff posted a bond for that amount; that the plaintiff thereupon spent a great deal of money and went into debt to have the buildings demolished and torn down; and that, as a result, all that the plaintiff has at this time are three denuded and vacant parcels of land; that the City has now started condemnation action against this property under the Federal Urban Renewal Program, in which the appraisals on the property are being based on the valuation of the

property as it exists today in its depreciated and denuded condition.

The amended complaint states that the City, in causing and permitting the threat of condemnation to hang over the plaintiff's property, and the foregoing actions of the City over a period of ten years, was an abuse of the power of eminent domain, deprived the plaintiff of the full use and benefit and the right to ownership of the property, amounted to a taking or damaging of his property without due process of law and in violation of his rights under the Fourteenth Amendment to the Constitution of the United States.

The plaintiff prays that the Court adjudge the City's actions to be a deprivation of his constitutional rights, that the proper measure of compensation for the taking or damaging be determined to be the difference in the appraisals made on his property in 1951 and 1961, and that said measure of damages be protected in the City's pending condemnation suit under the Federal Urban Renewal Program. In view of the ruling of the District Court and our own ruling in the matter, we do not stop to discuss the unusual nature of the prayer of the amended complaint instead of a prayer for just compensation (see Griggs v. Allegheny County, 369 U.S. 84, 85, 82 S.Ct. 531, 7 L.Ed.2d 585), and the practical difficulties that may be involved in attempting to grant such relief. That can be considered later. For the present we deal with the question of jurisdiction.

The District Judge was of the opinion in dismissing the action that since the condemnation proceedings did not proceed to the point where title passed to the condemnor and under the decisions of the Supreme Court of Michigan the condemnor was privileged to discontinue the action prior thereto, the condemnation proceedings against plaintiff's property, although pending for more than ten years, did not result in a taking of the plaintiff's property under the Michigan Constitution. In re Board of Education of City of Detroit, 242 Mich. 658, 219 N.W. 74; Anderson Trust Co. v. American Life Insurance Co., 302 Mich. 575, 5 N.W.2d 470. Since there was no passing of title he was of the opinion that there was no "taking" by the City; that, accordingly, the action was not one arising under the United States Constitution; and therefore it should be dismissed for lack of jurisdiction. He expressed the opinion that if the complaint stated a claim upon which damages could be awarded, it was a matter for determination under the law of torts under the Michigan law, not the United States Constitution.

In this connection, and as bearing on the question of jurisdiction, we take note of the Fifth Amendment of the Constitution of the United States. It provides as follows:

> "No person * * * shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation."

This provision specifically refers to the "taking" of property, rather than to damage to property. It is contended by the defendant that there is a well recognized distinction under constitutional provisions between the "taking" of property and the "damaging" of property; that the "taking" of property contemplates the passing of legal title and does not include damage to property not resulting in the passing of legal title. Bedford v. United States, 192 U.S. 217, 224, 24 S.Ct. 238, 48 L.Ed. 414; Transportation Co. v. Chicago, 9 Otto 635, 642, 99 U.S. 635, 642, 25 L.Ed. 336; Kanakanui v. United States, 244 F. 923, C.A.9th. See: California State Auto. Ass'n Inter-Insurance Bureau v. Maloney, 341 U.S. 105, 111, 71 S.Ct. 601, 95 L.Ed. 788. The plaintiff contends that although it may be the rule that a condemnor of property is not liable for damage resulting from the exercise of such power, Bedford v. United States, supra, 192 U.S. 217, 24 S.Ct. 238, 48 L.Ed. 414, the rule should not be applicable when

there has been an abuse of the exercise of such power, as is claimed in the present case. The plaintiff also contends that the Supreme Court has held in numerous cases that under the Fifth Amendment to the Constitution of the United States a "taking" results, even though title does not pass, when the action of the Government has been such as to impose a servitude upon the property which interferes with the use, management, or enjoyment of the same. United States v. Lynah, 188 U.S. 445, 23 S.Ct. 349, 47 L.Ed. 539; Portsmouth Harbor Land & Hotel Co. v. United States, 260 U.S. 327, 329, 43 S.Ct. 135, 67 L.Ed. 287; United States v. Causby, 328 U.S. 256, 66 S.Ct. 896, 90 L.Ed. 1004; United States v. Virginia Electric & Power Co., 365 U.S. 624, 81 S.Ct. 784, 5 L.Ed.2d 838.

In reply to this, the defendant contends that the Fifth Amendment is a limitation on the action of the United States Government, which is not involved in this case, and that said rulings are not applicable in the present case, in which plaintiff claims rights under the Fourteenth Amendment. Palko v. Connecticut, 302 U.S. 319, 58 S.Ct. 149, 82 L.Ed. 288; Bartkus v. Illinois, 359 U.S. 121, 124, 79 S.Ct. 676, 3 L.Ed.2d 684.

The plaintiff, recognizing that any claim which he may have arises under the Fourteenth Amendment, which is a restriction against the action of a state, rather than under the Fifth Amendment, contends that although the Fourteenth Amendment does not specifically refer to a "taking" of private property without just compensation,[1] it should nevertheless be construed in the same way as the Supreme Court has construed the Fifth Amendment. Griggs v. Allegheny County, supra, 369 U.S. 84, 82 S.Ct. 531, 7 L.Ed.2d 585; Panhandle Eastern Pipe Line Co. v. State Highway Commission, 294 U.S. 613, 616, 617, 55 S.Ct. 563, 79 L.Ed. 1090; Palko v. Connecticut, supra,

302 U.S. 319, 324–325, 58 S.Ct. 149, 82 L.Ed. 288. This is the real issue which is involved in this case, upon which, however, at this time we express no opinion and make no ruling. We refer to these contentions, without ruling upon them, for the purpose of bringing into play the effect which such contentions may have in determining whether jurisdiction exists, as is hereinafter pointed out. The only question presented to us by this appeal, and the only question which we are deciding, is whether the action was properly dismissed for lack of jurisdiction.

 Jurisdiction of the District Court is alleged by the amended complaint to exist under the Fourteenth Amendment to the Constitution of the United States, "the statutes of the United States," but without specifically designating which statute or statutes, and "the decisions of U. S. District, Appellate and Supreme Courts." Such generalities and looseness in pleading with respect to jurisdiction does not have our approval. In addition, jurisdiction is conferred by statute, not by decisions of the Court, although such decisions are material in the construction to be given to the statute. McDowell v. United States, 159 U.S. 596, 598–599, 16 S.Ct. 111, 40 L.Ed. 271; Leary v. United States, 268 F.2d 623, 626, C.A.9th; Blaski v. Hoffman, 260 F.2d 317, 320, C.A.7th, affirmed, 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254.

We proceed upon the assumption that the specific statute upon which appellant relies is Section 1331, Title 28 United States Code. It provides:

"The district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and arises under the Constitution, laws, or treaties of the United States."

---

1. The relevant part of the Fourteenth Amendment provides as follows: "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

Whether a case arises under the Constitution or laws of the United States so as to confer jurisdiction upon the District Court is a question which has been much considered by the Federal Courts. At the present time it appears to be settled that it is not enough that the plaintiff seeks to enforce a right which has its origin in the Constitution or a law of the United States, but that it must be shown by the complaint that the right will be supported if the Constitution or law is given one construction and will be defeated if given a different construction. Gully v. First National Bank, 299 U.S. 109, 112–113, 57 S.Ct. 96, 81 L.Ed. 70; King County, Washington v. Seattle School District, 263 U.S. 361, 363–364, 44 S.Ct. 127, 68 L.Ed. 339; Shelby County, Tenn. v. Fairway Homes, Inc., 285 F.2d 617, 618, C.A.6th; Weaver v. Pennsylvania-Ohio Power & Light Co., 10 F.2d 759, 760, C.A.6th; Amalgamated Ass'n of Street Elec. Ry. & Motor Coach Emp. of America, Division No. 1127 v. Southern Bus Lines, 189 F.2d 219, 222, C.A. 5th.

We are of the opinion that the amended complaint in the present case complies with these requirements. The plaintiff claims a right under the Fourteenth Amendment to the United States Constitution not to be deprived of his property without due process of law and that the acts of the defendant constituted such a deprivation. If the Fourteenth Amendment is so construed, it supports his claim. If it is not so construed, his claim is defeated. The District Court had jurisdiction under Section 1331, Title 28 United States Code, to decide this question. Cuyahoga River Power Co. v. City of Akron, 240 U.S. 462, 36 S.Ct. 402, 60 L.Ed. 743; Mosher v. City of Phoenix, 287 U.S. 29, 53 S.Ct. 67, 77 L.Ed. 148.

The judgment is reversed and the case remanded to the District Court with directions to take jurisdiction in the matter and hear and decide the case on its merits. Section 2106, Title 28 United States Code; Dean Milk Co. v. City of Madison, 340 U.S. 349, 356–357, 71 S.Ct. 295, 95 L.Ed. 329.