Thomas E. FOSTER, and Georgia Lee Foster, Plaintiffs-Appellees,

v.

CITY OF DETROIT, MICHIGAN, Defendant-Appellant.

Nos. 17840, 17843.

United States Court of Appeals, Sixth Circuit.

March 17, 1970.

Before PHILLIPS, Chief Judge, and CECIL and O'SULLIVAN, Senior Circuit Judges.

## ORDER

PER CURIAM.

This cause is before us upon a pleading of plaintiffs-appellees denominated Motion for Clarification of Opinion. This case has been before us on two occasions. See Foster et al. v. City of Detroit, 405 F.2d 138 (1968); and Foster v. Herley, 330 F.2d 87 (6th Cir. 1964). By our first opinion, we held that the complaint filed stated a cause of action subject to the jurisdiction of the District Court. Our latest opinion affirmed a decision of District Judge Fred Kaess entered July 15, 1966, reported as Foster v. City of Detroit, 254 F.Supp. 655 (E.D. Mich.1966).

In our last decision we recited the action of the District Court which we affirmed, as follows:

"His order provided that plaintiffs would recover damages against the city according to a formula set out in the opinion and that all persons properly coming within the class on whose behalf the action was commenced, F.R.Civ.P. 23(a) (3), would have six months after judgment within which to intervene; that a Special Master would be appointed to 'determine their membership in the class and the extent, if any, of their damages, in accordance with the formula adopted in this opinion.' 254 F.Supp. at 669. Upon the filing of notice of appeal by the City of Detroit, the District Judge ordered that 'the appointment of and reference to the Special Master will be deferred pending such appeal, and that all questions to be determined by the Special Master will be continued until that time.'" 405 F.2d at 142.

On that appeal the City of Detroit contended that the District Judge erred in failing to find that the action before him was not a proper class action; that the action was barred by laches and the statute of limitations, and that members of the class involved should not have been allowed to intervene after verdict and judgment.

By our decision affirming Judge Kaess, we discussed the foregoing claims of error. The Motion for Clarification of our opinion asks that we now determine and rule as to whether or not in the action pending in the District Court, the amount of damages claimed by various members of the class can be aggregated to make up the sum of $10,000, the jurisdictional amount required by 28 U.S.C. § 1331. That question was not before us on the appeal which has here-

tofore been presented to us. In Judge Kaess' latest decision, 254 F.Supp. 655, he stated:

"As for the alleged failure to show the jurisdictional amount, the cases are in conflict as to whether each intervening plaintiff must, as to his own claim, meet all of the jurisdictional requirements as to the amount in controversy. However, it is not necessary to pass on this question at this time, as no one has as yet attempted to intervene with less than the required amount in controversy. 254 F.Supp. at 667, 668.

Accordingly, the question now presented to us for decision by Motion for Clarification has never been ruled upon by the District Judge and therefore was not considered among the questions presented to us in the appeal disposed of by the foregoing decision.

Now, therefore, it is ordered that the Motion for Clarification of Opinion presented by Thomas E. Foster, et al, may be, and it is, hereby denied.