BARNETTE, Judge.
The defendants, plaintiffs in reconvention, have appealed from a judgment dismissing their petition in reconvention in part on exception of prematurity and in part on exceptions of no cause or right of action.
This is a proceeding instituted by the City of New Orleans for the expropriation of the Odd Fellows Rest Cemetery, located at the corner of Canal Street and City Park Avenue, for the purpose of redesigning the intersection so as to eliminate the offset connection of Canal Street with Canal Boulevard. The proposed rerouting of Canal Street requires the taking of the whole of the property known as Odd Fellows Rest Cemetery.
The Grand Lodge of the Independent Order of Odd Fellows of the State of Louisiana (Grand Lodge) and Acme Marble and Granite Co., Inc. (Acme), and the unknown owners of tombs, crypts and vaults and relatives of persons interred and having certain rights in the cemetery were made defendants. Grand Lodge owns and operates the cemetery and Acme is its lessee with certain alleged property rights and interests therein.
A supplemental answer and reconventional demand was filed by Grand Lodge and Acme on their own behalf and as alleged representatives of a class comprised of members of the Grand Lodge and the relatives and descendants of the more than 3,000 persons interred in the cemetery, and the owners of vaults, crypts, tombs, etc., in the cemetery. They seek damages aggregating $1,805,500 of which $1,300,000 is the alleged damage sustained by the several thousand unknown persons of the class they seek to represent through a class action.
The City of New Orleans filed an exception to the reconventional demand in four numbered particulars, namely, (1) vagueness; (2) prescription-, (3) no cause of action; and (4) no right of action. After a hearing on the exceptions there was judgment maintaining the exception of prematurity and, as to the class action, the exceptions of no right or cause of action, dismissing the petition in reconvention. From that judgment Grand Lodge and Acme have appealed.
Upon a close examination of the record we were surprised to find no exception of prematurity. We find, however, that in the trial court memorandum filed by the City in support of its exceptions, it discussed in the following order: vagueness, prematurity, no cause of action and no right of action. It is obvious that the respective counsel and the judge were under the belief that an exception of prematurity had been filed. Perhaps the word “prescription” was inadvertently used instead of “prematurity.” Since no point has been made of this error or omission we will proceed as though the judgment maintaining the exception of "prematurity was responsive to the pleadings before the court.
The damages sought by plaintiffs in re-convention are alleged to result from the alleged abuse by the City of its power of expropriation. More particularly, it is alleged that the City began in 1947 with the adoption of a “major street plan”; that the project was included in subsequent plans in 1951, 1954 and 1958; that no action was taken to implement the plan until 1962 when public announcement was made of intention to expropriate Odd Fellows Rest Cemetery. It is alleged that other property was acquired by the City for relocation of the cemetery, but the project merely dragged on because of the City’s unreasonable delay and inaction. It is alleged that a bond issue was submitted, approved, and bonds sold in 1965 to provide $1,333,000 for completion of the project, *9 but that the City continued to delay causing Grand Lodge and its members and the relatives of persons interred anxiety and suspense over the uncertainty of relocation of the cemetery.
It is alleged that intensive negotiations were carried on for some time resulting in an acceptable plan for relocation, payment of costs, damages, etc. Certain modifications in the draft of the agreement were suggested which held up its execution, and nothing further was done until the petition for expropriation was filed, January 11, 1968.
As a result of the alleged premature announcement of its plans to relocate the cemetery, the unwarranted actions and delays by the City and negotiations in “bad faith,” Grand Lodge alleges that its business of operating the cemetery has come to a standstill with great financial loss to it and its lessee, Acme. On behalf of the alleged class, whom they seek to represent in a class action, Grand Lodge and Acme allege “severe mental anguish and fear and uncertainty concerning the disposition of the remains” of the persons interred.
After hearing the exceptions the trial judge dictated into the record his reasons for judgment. Our interpretation of his reasons, with respect to the exception of' prematurity, is that the reconventional demand for damages was premature because the expropriation proceeding had not been “abandoned” by the City; that there was nothing in the pleadings or evidence to indicate a dismissal of the action. He concluded : “The action is on the face of the record very much alive and is still pending. Therefore, this action is premature.”
We must agree with counsel for the appellants that the trial judge apparently based his judgment maintaining the exception of prematurity upon an erroneous understanding of the nature of the cause of action.
We have briefly summarized above the alleged bases of the demands for dam-ages. It is not contended that the expropriation suit has been abandoned, but rather it is alleged that the City of New Orleans has acted in bad faith and has abused its power of expropriation. We are unable to find in Louisiana jurisprudence any case directly in point, but counsel for appellants has cited case law from other jurisdictions which, while not directly analogous to the case situation presently before us, does support the contention that compensation is appropriate where a delay between announcement of intention to expropriate and the actual taking of the property results in depreciation which would not otherwise have taken place. Foster v. City of Detroit, 259 F.Supp. 655 (D.C.1966), aff. 405 F.2d 138 (6th Cir. 1968); Foster v. Herley, 330 F.2d 87 (6th Cir. 1964); Sayre v. United States, 282 F.Supp. 175 (D.C.1967); City of Buffalo v. Strozzi, 54 Misc.2d 1031, 283 N.Y.S.2d 919 (1967); In re 572 Warren St., 58 Misc.2d 1073, 298 N.Y.S.2d 429 (1968). See also Vol. 1967 Utah L.Rev. 548. We subscribe to the principle of law applied in the foregoing cases and see no reason why it should not be extended to cover all losses or damages which reasonably are attributed to the alleged abuse of the powers of expropriation.
We agree that an expropriating authority must be held to reasonable restraint and is not free to proceed in such a manner that property values will be unnecessarily impaired or for practical purposes taken out of commerce with consequent loss of revenues. A premature publication of expropriation plans followed by unreasonably long delay and a policy of vacillation and uncertainty of completion of the project could very well result in damage for which the expropriating authority may be held accountable. The right of recovery of damages on this cause of action is not contingent upon abandonment of the principal action for expropriation.
The petitioners in reconvention have alleged facts which for the purpose of the exceptions before the court must be accepted as true. They have stated a cause *10 of action and should have their day in court.
We fail to see any basis for the exception of prematurity. It is well within the provisions of the Code of Civil Procedure that the defendants seek recovery of damages through an incidental demand coupled with their answer to the principal demand. LSA-C.C.P. arts. 1031, 1032 and 1061. The filing of the reconventional demand does not prejudice the rights of the plaintiff, City of New Orleans, nor retard the action on the principal demand, since the two may be tried separately as the court may order. LSA-C.C.P. arts. 1038 and 1039. We find nothing irregular or in conflict with our procedural law, and the exception of prematurity is without merit.
The judgment insofar as it maintains the exceptions of no cause or right of action and dismisses the petition for class action was proper and must be affirmed.
In Caswell v. Reserve National Insurance Company, 234 So.2d 250 (La.App.1970) (writs refused 256 La. 364, 236 So.2d 499), we had occasion to discuss the relatively new class action provisions of our Code of Civil Procedure, LSA-C.C.P. arts. 591 and 592, and the few cases in our jurisprudence since the procedure was introduced into our Code. While the factual circumstances in that case were quite different, our discussion of the use of class actions and their limitation in Louisiana is equally relevant here.
As in the Caswell case, the Grand Lodge and Acme have, at most, a common interest with those of the class whom they seek to represent in a question of law, namely, the liability vel non of the City for damages for abuse of its powers of expropriation. But Grand Lodge and Acme, each being a corporate entity, are not and cannot be members of the class of persons whom they seek to represent. It is significant that Grand Lodge and Acme seek recovery of damages for loss of profits, interference with their business operations, expenses incurred in the alleged “bad faith” negotiations and loss of goodwill, while on behalf of the unknown thousands of persons whom they seek to represent in a class action they seek damages for “severe mental anguish and fear and uncertainty concerning the disposition of the remains of the persons interred.” Obviously the petitioning corporations are not members of this class of persons, and are incapable of suffering emotionally.
Certainly to the extent that its members have an interest in the property rights of the Grand Lodge, it is the proper representative authority and we think it is capable of giving adequate representation to the numerous persons of the alleged class in the sense that the action would be vigorously pursued, but it does not meet the requirement of LSA-C.C.P. art. 592 that:
“One or more members of a class, who will fairly insure the adequate representation of all members, may sue or be sued in a class action on behalf of all members.” (Emphasis added.)
For the foregoing reasons the judgment appealed insofar as it maintains the exception of prematurity and dismisses the reconventional demand is reversed. The exception of prematurity is now overruled, and the judgment of dismissal is vacated insofar as it relates to the demands of petitioners in reconvention, Grand Lodge of the Independent Order of Odd Fellows and Acme Marble and Granite Co., Inc., individually. The judgment maintaining the exceptions of no cause and no right of action and dismissing the petition in re-convention insofar as it purports to be a class action is affirmed.
Costs of this appeal are assessed to appellants and appellee equally. All other costs are to be assessed upon conclusion of the proceedings in the trial court.
Reversed in part; affirmed in part.