**UNITED STATES of America,**
**Plaintiff-Appellant**

v.

**CERTAIN PARCEL OF LAND IN**
**WAYNE COUNTY, MICHIGAN,**
**et al., Defendants-Appellees.**

**No. 72–1134.**

United States Court of Appeals,
Sixth Circuit.

Sept. 19, 1972.

Glen R. Goodsell, Atty., Dept. of Justice, Washington, D. C., for plaintiff-appellant; Kent Frizzell, Asst. Atty. Gen., Edmund B. Clark, William J. Kollins, George R. Hyde, Attys., Land & Natural Resources Div., U. S. Dept. of Justice, Washington, D. C., Ralph B. Guy, Jr., U. S. Atty., Robert A. Rosenberg, Asst. U. S. Atty., Detroit, Mich., on brief.

Frederick D. Steinhardt, Detroit, Mich., for defendants-appellees; Bert Burgoyne, Walter B. Mason Jr., Travis, Warren, Nayer & Burgoyne, Detroit, Mich., on brief.

Before EDWARDS, PECK and KENT, Circuit Judges.

PER CURIAM.

This is an appeal by the United States government from an order entered before a United States District Judge in the Eastern District of Michigan awarding $40,200 to the titleholders[1] of approximately five acres of land condemned by the federal government for U. S. Interstate Highway 75.

Originally in 1960 the State of Michigan sought to condemn the same site as a portion of a 10-acre tract then completely owned by Jowan M. June, Inc. This condemnation suit, however, was terminated by Michigan because the Michigan statute did not allow for an enhancement set-off. Eighteen months later a condemnation suit was filed by the United States seeking the five acres still owned by June. It also sought set-off for the enhancement of the value of the other five acres. During the interval when neither suit was pending, the five acres not needed for the highway had been conveyed by June, Inc. to Trauskle Investment Company to settle a prior debt. Trauskle was a separate corporation, incorporated eleven years before June, Inc., whose stockholders, directors and officers are the wives of three former stockholders, directors and officers of June, Inc.

The briefs in this case reveal no disputes of fact. The brief for the United States of America portrays the pretrial and trial proceedings accurately:

"On May 22, 1966, the United States requested of the court a pretrial ruling that the 10 acres of the defendants be considered under common ownership for the purposes of this proceeding in order that benefits for project enhancement to the five acres of remainder could be set off in the award of just compensation. The United States based its argument for this request on the proposition that Trauskle Co. was the agent or alter ego of June, Inc., because both corporations were 'all in the family,' and that the January 29, 1964, conveyance of the five acres from June, Inc. to Trauskle, was a fraudulent conveyance as against the United States as a creditor by reason of project-created benefits accruing in the tract remaining which would be due the United States as a set-off for the taking of the five acres in Tract One. On March 30, 1971, the court filed a memorandum opinion rejecting the argument, that the conveyance was a fraudulent conveyance as to the United States. The court held that the United States had to prove that the ten acres were under the common ownership of June, Inc., at the date of taking and that to do this it had to produce sufficient evidence to warrant the conclusion that Trauskle was the agent or alter ego of June, Inc.

"Two valuations were submitted by the United States as to just compensation without objection by the defendants. The first was $6,700 for the five acres as a result of set-off benefits for project-created enhancement to the five acres remainder based on common ownership. The second was $40,200 for the same five acres with no project-created enhancement set-off benefits based on separate ownership. The latter was submitted

1. After the filing of this condemnation suit but before judgment, June, Inc., was

dissolved and a quit claim deed was given to the stockholders as individuals.

with the understanding that the United States did not waive its right to appeal."

After trial United States District Judge Freeman held that the government completely failed to sustain its burden of proving that the transaction conveying the uncondemned five acres to Trauskle was fraudulent, or that Trauskle Investment Co. was an alter ego for June. We affirm.

Over and above the facts already recited, the record demonstrates that the United States stipulated in part as follows:

"4. On January 29, 1964, during the interval between abandonment of the first suit and the institution of the second, Jowan M. June, Inc. conveyed approximately 5.3 acres of its 10.33 acre parcel of land to Trauskle Investment Co. * * *

"5. At the time of the conveyance the stockholders, directors, and officers of Jowan M. June, Inc., were A. Victor Bizer, J. Stewart Linden, and Edward Bernstein.

"6. At the time of the conveyance the stockholders, directors, and officers of Trauskle Investment Co. were Freda Bizer, Hanna Linden and June Bernstein.

"7. A. Victor Bizer and Freda Bizer were husband and wife; that J. Stewart Linden and Hanna Linden were husband and wife; and that Edward Bernstein and June Bernstein were husband and wife.

"8. At the time of the conveyance A. Victor Bizer was an officer of Trauskle Investment Co. as well as a stockholder, director, and officer of Jowan M. June, Inc.

"9. At the time of the conveyance A. Victor Bizer was the resident agent of both corporations.

"10. The consideration for the conveyance was the grantee's forgiveness of pre-existing indebtedness.

"11. Between March 1961 and March 1964, Jowan M. June, Inc. incurred a total indebtedness to Trauskle Investment Co. in the amount of $52,950.00.

"12. This indebtedness was wholly unsecured and was not evidenced by a note or other formal writing, but was evidenced solely by book entries.

"13. The terms of this $52,900.00 indebtedness did not provide for the payment of interest thereon and no interest was paid."

By this stipulation the government admitted the pre-existing debt and that it represented consideration for the disputed conveyance. The government introduced no evidence of any kind bearing upon its assertion that the conveyance in question was fraudulent. Although it had by court order been given access to the complete books and records of the two corporations, it introduced no evidence beyond that set forth above to prove its alter ego theory.

Trauskle Investment Co. was incorporated eleven years before June, Inc., and the conveyance under attack took place eighteen months before the instant condemnation suit was filed.

On appeal the government does not cite a case which holds that enhancement of one corporation's property may be deducted from the award otherwise payable to owners of other land. Nor do we know of any. Certainly under Michigan law husbands and wives are separate legal entities. *See* Mich.Const. art. 10, § 1.

Generally, of course, corporate entities are respected by the courts unless one is employed as a mere conduit or for purposes of fraud. Gledhill v. Fisher, 272 Mich. 353, 262 N.W. 371 (*majority and dissenting opinions*) (1935); United States v. Martin, 337 F.2d 171 (8th Cir.

1964). Here Trauskle was clearly not a mere conduit and the government brief concedes "the transaction was not fradulent, as that term is generally understood."

 We do not ignore the fact (nor did the District Judge) that the disputed conveyance served the interests of June, Inc., and its stockholders very well or that it likewise occasioned a loss of a substantial sum to the United States. If Trauskle Investment Co. had been created merely to receive the title or if the government had been able to dispute the genuineness of the consideration for the conveyance, we might well have another case.

The government relies upon Miller v. United States, 317 U.S. 369, 63 S.Ct. 276, 87 L.Ed. 336 (1943), as supporting its right to enhancement set-off. *Miller,* however, would support the government's claim only if all of the ten acres had been in appellees' ownership at the time of filing of the government condemnation suit.

Finally, again without citation of authority, the government claims that the appellees should have had the burden of proof of showing that the title transfer was for some purpose other than avoiding a set-off of benefits. This would seem to suggest that the filing (and dismissal) of the condemnation suit by the State of Michigan acted to "freeze" appellees' rights to convey its property. This court has held such a "freeze" to be a due process violation. Foster v. Herley, 330 F.2d 87 (6th Cir. 1964); Foster v. City of Detroit, Michigan, 405 F.2d 138 (6th Cir. 1968). We find no authority for such a shift of burden of proof as is sought by the government. But if we did, it would seem that the burden suggested by the government was met by the stipulations which it joined as to the long pre-existing debt of $52,950 and its forgiveness as consideration for the conveyance.

The judgment of the District Court is affirmed.