**THOMAS W. GARLAND, INC., Plaintiff,**

v.

**The CITY OF ST. LOUIS and Manley Investment Company, Defendants.**

**No. 78–129C(3).**

United States District Court,
E. D. Missouri, E. D.

May 23, 1978.

---

**6.** This section reads:

Allen A. Yoder, St. Louis, Mo., for plaintiff.

Jack L. Koehr, City Counselor, Joseph R. Niemann, Asst. City Counselor, Donald J. Stohr, Charles A. Newman, Thompson & Mitchell, St. Louis, Mo., for defendants.

## MEMORANDUM

NANGLE, District Judge.

This matter is before the Court upon separate motions of defendants City of St. Louis and Manley Investment Company to dismiss plaintiff's complaint. Plaintiff has filed this suit, pursuant to 28 U.S.C. § 1331, seeking declaratory and monetary relief for an alleged taking of plaintiff's property.

Plaintiff's complaint alleges that on November 28, 1952, it entered into a lease of premises in the City of St. Louis for a term of thirty years, expiring December 4, 1982, at which it operates a retail store. On June 29, 1971, the Board of Aldermen of the City of St. Louis passed an ordinance providing that an area of the City, including plaintiff's leased premises, was blighted and should be redeveloped. On April 5, 1973, the Board of Aldermen passed an ordinance providing for a contract between the City and Mercantile Redevelopment Corporation. Under the provisions of the contract between these parties, Mercantile was to undertake a redevelopment of six city blocks, previously declared blighted, which included the block on which plaintiff's premises are located. The ordinance further provided for the vacating of St. Charles Street as a public thoroughfare, a street used by plaintiff as the only means of ingress of commercial deliveries. The ordinance further granted to Mercantile the power to condemn property within the development area and provided that the City could exercise the power of condemnation within the redevelopment area.

On March 23, 1973, plaintiff alleges, agents for Mercantile advised plaintiff's officers that the leased premises would have to be vacated by September, 1974. Relying upon said statements, plaintiff proceeded to search for new premises. Plaintiff was unable to locate any suitable property in the downtown area of the City and instead relocated in three areas. It leased premises in West St. Louis County for its headquarters office, administrative offices, shipping and receiving functions and fur storage vault. To provide services for customers in Illinois who previously shopped in plaintiff's City facility, plaintiff leased a facility in Fairview Heights, Illinois. In order to provide a facility for customers south of the City, plaintiff leased facilities in South St. Louis County, Missouri.

Plaintiff alleges that defendant Manley Investment Co., as agent for Mercantile, began to acquire ownership of property in the area in 1973 and 1974. With the excep-

tion of plaintiff's store and a building south of plaintiff's store, the two-block area surrounding plaintiff's premises was stripped of its business and commercial enterprises. As a result, plaintiff alleges, the area has become blighted and the business character of the area has been destroyed. Sales have declined. Plaintiff alleges that there has been no further redevelopment because of a lack of proper financing.

Plaintiff asserts that it has been deprived of the full use and benefit of its leasehold interest. Plaintiff contends that there has been a de facto taking of its leasehold interest as of April 1, 1974 and that it should be compensated therefor. Plaintiff further alleges that there is an impossibility of performance of its lease because of the actions of the City. Accordingly, it prays for monetary judgment against defendant City of St. Louis, as compensation for the taking of its leasehold interest and consequential damages allegedly resulting. Plaintiff further prays for a declaration that the lease between plaintiff and defendant Manley Investment Company is terminated, null and void.

The crux of plaintiff's complaint is that the actions of defendant City have resulted in a taking of plaintiff's leasehold interest without just compensation therefor, in violation of the Fifth and Fourteenth Amendments to the United States Constitution. Both defendants have filed motions to dismiss for failure to state a claim. Additionally, defendant Manley Investment Company asserts that this Court lacks jurisdiction as to the claim involving said defendant.

The general rule is that "[t]he mere enactment of legislation which authorizes condemnation of property cannot be a taking". *Danforth v. United States*, 308 U.S. 271, 286, 60 S.Ct. 231, 237, 84 L.Ed. 240 (1939). In response to the impact that the pendency of such proceedings may have upon an area, however, courts have considered the delay and inaction of the condemning authority in determining the date for the valuing of the property condemned. See *Sayre v. City of Cleveland*, 493 F.2d 64 (6th Cir. 1974); 4 Nichols on Eminent Domain § 12.3151[5].

In *Foster v. Herley*, 330 F.2d 87 (6th Cir. 1964), however, the court held that the actions of the City may amount to a de facto taking of the property at a date prior to condemnation date. In *Foster*, the City had instituted condemnation proceedings. The use and management of the property had been frozen during the pendency of the proceedings. After tenants had vacated and the condition of the plaintiff's buildings had deteriorated, the City notified the plaintiff that the buildings would have to be demolished at the plaintiff's expense. Approximately two years later, or ten years after the condemnation proceedings were instituted, the City dismissed the condemnation proceedings. Thereafter, the City again started condemnation proceedings under the Federal Urban Renewal Program, under which the appraised value of the property would be based upon the condition of the property as it then existed, without buildings and in its depreciated state. The court held that the district court had jurisdiction, pursuant to 28 U.S.C. § 1331, to hear plaintiff's claim that his Fourteenth Amendment rights had been violated in that he had been deprived of his property without due process of law.

Since that decision, however, the Sixth Circuit has limited the circumstances in which the *Foster* holding may be applied. In *Sayre v. City of Cleveland, supra*, the City notified the property owner of its intention to obtain certain parcels of property. A resolution was passed declaring such intention and written notices were issued. The City, however, never acquired the property. The court held that

. . . absent the extreme circumstances present in the *Foster* case, but lacking here, we think the true rule is that there is no de facto taking of properties which have decreased in value because of an urban renewal project unless there is a physical invasion, damage or injury, or a restraint of some type, or action by the City to appropriate such properties. *Id.* at 70.

The court further noted that in those cases in which a de facto taking was found, there

was "a physical entry by the condemnor, or a physical ouster of the owner, or a legal interference with the physical use, possession or enjoyment of the property or legal interference with the owner's power of disposition of the property". *Id.* quoting from *City of Buffalo v. J. W. Clement Co.*, 28 N.Y.2d 241, 321 N.Y.S.2d 345, 269 N.E.2d 895 (1971). See also *Woodland Market Realty Company v. City of Cleveland*, 426 F.2d 955 (6th Cir. 1970); 4 Nichols on Eminent Domain § 12.3151[5].

It is clear that plaintiff has failed to state a claim herein. Plaintiff does not allege that there has been any physical entry or legal interference with its use or disposition of the property. All that plaintiff asserts is the threat of condemnation, its impact upon the area, and its impact upon the business activities of plaintiff. While such facts may affect the date determined for the valuation of the property in any subsequent condemnation proceedings, such assertion is insufficient to state a claim herein. *Cf., City of Buffalo v. Clement, supra.*

Accordingly, defendants' motions will be granted.