**Yalonda BOBO, on behalf of herself and all others similarly situated, Plaintiffs,**

v.

**CHRISTUS HEALTH, et al., Defendants.**

**No. CIV.A.1:04–CV–626.**

United States District Court,
E.D. Texas,
Beaumont Division.

Jan. 31, 2005.

Ethan L. Shaw, Tommy Lee Yeates, Moore Landrey, Beaumont, TX, Patrick W. Pendley, Attorney at Lw, Plaquemine, LA, for Plaintiffs.

Patricia Diane Chamblin, Mehaffy & Weber, Beaumont, TX, Heather Perttula Slovak, Nicholas Even, Noel M.B. Hensley, Haynes & Boone, Dallas, TX, for Defendants.

### *Memorandum Opinion and Order Denying Remand*

COBB, District Judge.

Before the court is the plaintiff's motion to remand filed on November 19, 2004. Having reviewed the motion, the responses and replies thereto, and the plaintiff's original complaint, the court is of the opinion that federal jurisdiction exists in the present case. Therefore, for the following reasons, the plaintiff's motion to remand is denied.

## Background

The plaintiff, Yolanda Bobo, is an uninsured patient who received medical treatment at facilities owned and operated by the defendant, Christus Health. Christus operates as a non-profit, charitable institution which receives state, local and, most notably, federal tax exemptions under 26 U.S.C. § 501(c)(3).

On behalf of herself and others similarly situated, Bobo filed suit in Texas state court, claiming that Christus charged unreasonable, excessive, and inflated rates for medical care to its uninsured patients in violation of its tax exemption agreements with the United States, the State of Texas, Jefferson County, and the City of Beaumont. Bobo's complaint contained eight distinct causes of action,[1] many of which explicitly referred to and relied on Christus's status as a tax-exempt charitable hospital under Section 501(c)(3) and the purported duties and obligations arising therefrom.

On October 1, 2004, Christus removed the lawsuit to this court pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1340, claiming federal question jurisdiction. Bobo moved to remand on November 19, 2004.

## Discussion

### A. Burden of Establishing Federal Jurisdiction Rests on Party Seeking Removal

■ The plaintiff in this case claims that this is solely a contract case involving claims and remedies available only under Texas law. As such, she challenges removal of the case, arguing that this court lacks subject-matter jurisdiction to hear it. Although the plaintiff has moved for remand, it is well settled that the burden of establishing federal jurisdiction rests on the party seeking the federal forum. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir.2001); *see also Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir.), *cert. denied*, 510 U.S. 868, 114 S.Ct. 192, 126 L.Ed.2d 150 (1993)("once a case has been removed, the removing party bears the burden of proving that the court has jurisdiction to hear the claim").

■ Federal courts are courts of limited jurisdiction. The court, therefore, presumes that this suit lies outside it's jurisdiction unless and until the party seeking removal, in this case the defendant, has shown the propriety of the Court's removal jurisdiction. *Howery*, 243 F.3d at 916; *see also Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365 (5th Cir.1995); *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir.1988). Furthermore, "it is axiomatic" that ambiguities are construed against removal, *Butler v. Polk*, 592 F.2d 1293, 1296 (5th Cir.1979), and that any doubt as to the district court's jurisdiction must be resolved in favor of remand. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); *see also Bosky v. Kroger Tex., L.P.*, 288 F.3d 208, 211 (5th Cir.2002)(removal statute strictly construed in favor of remand).

### B. Determination of Federal Subject–Matter Jurisdiction

■ Generally, removal is appropriate when a state court action originally could have been filed in federal court. 28 U.S.C. § 1441(a); *see City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 163, 118 S.Ct. 523, 529, 139 L.Ed.2d 525 (1997).

---

1. The plaintiff's complaint includes a miscellany of claims including: (1) breach of contract based on express, implied, and third-party beneficiary theories; (2) breach of good faith and fair dealing; (3) breach of charitable trust; (4) unjust enrichment and constructive trust; (5) civil conspiracy and concert of action; (6) and aiding and abetting.

Federal district courts have jurisdiction over cases "arising under the Constitution, laws, or treatises of the United States." 28 U.S.C. § 1331; *see Howery*, 243 F.3d at 916. In determining whether a case "arises under" federal law, the court must look to whether the "plaintiff's well-pleaded complaint raises issues of federal law." *Howery*, 243 F.3d at 916; *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). The plaintiff's well-pleaded complaint, not the removal petition, must establish that the case arises under federal law. *Willy*, 855 F.2d at 1165.

■■■ In the present case, the plaintiff's complaint facially articulates only state law causes of action. However, plaintiff's characterization of the causes of action as merely common law claims is not dispositive. *See City of Chicago*, 522 U.S. at 164, 118 S.Ct. at 529; *see also Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 13, 103 S.Ct. 2841, 2848, 77 L.Ed.2d 420 (1983). Although the plaintiff is "the master of the complaint," she cannot avoid removal by "artful pleading" that disguises issues federal in nature as state law claims. *Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 397 n. 2, 101 S.Ct. 2424, 2427 n. 2, 69 L.Ed.2d 103 (1981)("courts will not permit plaintiff to use artful pleading to close off defendant's right to a federal forum ... the removal court will seek to determine whether the real nature of the claim is federal, regardless of the plaintiff's characterization") (*citing* 14 Charles A. Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure § 3722, pp. 564–566 (1976)). A plaintiff cannot change the nature of her claims through contrived pleading; even where state law creates a party's causes of action, federal question jurisdiction exists if the party's right to relief requires resolution of a substantial question of federal law. *Howery*, 243 F.3d at 917; *see also Franchise*, 463 U.S. at 13, 103 S.Ct. at 2848.

■■■ In removed actions like the present case, the Fifth Circuit has articulated a three-prong test for determining if a question of federal law is so intertwined with state law that it merits federal question jurisdiction. A complaint creates federal question jurisdiction when it states a cause of action created by state law and (1) a federal right is an essential element of the state claim, (2) interpretation of the federal right is necessary to resolve the case, and (3) the question of federal law is substantial. *Howery*, 243 F.3d at 917. "Ultimately, whether a federal issue embedded in the matrix of a state law claim will support federal question jurisdiction entails a pragmatic assessment of the nature of the federal interest at stake." *Id.* Thus, after a thorough review of the plaintiff's claims, including her reliance on the defendant's tax-exempt status under 26 U.S.C. § 501(c)(3), the court finds that the three prongs as set forth in *Howery* have been satisfied and, therefore, the plaintiff's motion to remand is denied.

### 1. A Federal Right or Obligation is an Essential Element of the Plaintiff's Claim

The plaintiff asserts, *inter alia*, that pursuant to Section 501(c)(3) of the federal tax code, Christus, as a charitable entity, entered into an express and/or implied agreement with the United States whereby in return for substantial tax exemptions it would operate for charitable purposes and provide affordable medical care to all of its insured patients at reasonable rates. The plaintiff further contends that she and others similarly situated are the intended third-party beneficiaries of the defendant's "agreements" with the United States. She also asserts that by accepting federal tax

exemptions under Section 501(c)(3), Christus created and entered into a public trust to provide affordable medical care to its uninsured patients. Thus, although the plaintiff originally filed her lawsuit in state court pleading state claims, federal law, specifically the defendant's federal rights and obligations under 26 U.S.C. § 501(c)(3), is an essential element underlying the plaintiff's claims.

■ Whether a federal law is essential to a state law claim hinges on whether the federal right or obligation, as incorporated within a state law claim or claims, is "such that it will be supported if the Constitution or laws of the United States are given one construction or effect, and defeated if they receive another." *Amalgamated Ass'n of St. Elec. Ry. & Motor Coach Emp. of Am., Div. No. 1127 v. S. Bus Lines*, 189 F.2d 219, 222 (5th Cir.1951); *Gully v. First Natl. Bank*, 299 U.S. 109, 112, 57 S.Ct. 96, 97, 81 L.Ed. 70 (1936). In the present case and controversy, whether or not the plaintiff is entitled to recovery clearly depends on this court's construction and application of the federal tax code vis-a-vis the defendant's tax-exempt status.

■ Bobo contends that her mere references to Section 501(c)(3) and federal tax exemptions do not create federal-question jurisdiction, relying on the Supreme Court's holding in *Merrell Dow Pharmaceuticals, Inc., v. Thompson*, 478 U.S. 804, 813, 106 S.Ct. 3229, 3234–35, 92 L.Ed.2d 650 (1986), that "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." The Fifth Circuit further warns that the presence of a federal issue, "however much it may dominate [a] case, is insufficient to confer federal-question jurisdiction." *Oliver v. Trunkline Gas Co.*, 789 F.2d 341, 343 (5th Cir.1986). The present case, however, involves an element of federal law that is essential to plaintiff's

state law claim, and the plaintiff's reliance on the principles enunciated in *Merrell Dow* is misplaced. The federal law at issue in this case is not collateral or remote. Rather, the plaintiff's "references" to the federal tax code and the defendant's tax-exempt status are central to the dispute. Given the plaintiff's reliance upon the federal tax code to support her claims, her argument that the federal right is not an essential element of her state law claims is unconvincing. Therefore, the court finds that the federal statute in question is essential to the plaintiff's state law claim, and that the first prong of the *Howery* analysis is satisfied.

### 2. An Interpretation of Federal Rights is Necessary to Resolve the Case

Likewise, the court concludes that an interpretation of the federal tax code section in question is necessary and critical to resolve the present case. One of the central issues presented in this case is whether Section 501(c)(3) creates an express or implied contract with the United States government and, moreover, whether the plaintiff is entitled to bring suit against the defendant as a third-party beneficiary of the alleged contract. The fact that Bobo has brought claims traditionally made under state law does not negate the fact that resolution of their allegations will require an interpretation of federal rights and obligations. The present case involves questions that can be solved only through interpretation of the Internal Revenue Code. Whether Bobo can ultimately prevail necessarily depends on whether Christus entered into an agreement with the United States and/or public charitable trust pursuant to 26 U.S.C. § 501(c)(3), and whether plaintiff and others similarly situated are the intended third-party beneficiaries under the federal statute. The central ques-

tions at issue here require an interpretation of federal law, a task to which the federal court is best suited.

### 3. The Questions of Federal Law in the Present Case are Substantial

The final question before the court under *Howery* is whether the questions of federal law in the case are substantial; that is, whether the plaintiff's right to relief requires resolution of a substantial question of federal law. *See Howery*, 243 F.3d at 917. Christus claims that the validity of the plaintiff's state claims—in particular the existence of a federally contracted promise and whether the plaintiff is an intended third-party beneficiary of said promise—raises substantial questions of federal law. The plaintiff, conversely, contends that the application of federal law to a dispute between private parties involving matters of local concern cannot be justified, citing *Miree v. DeKalb County, Georgia*, 433 U.S. 25, 32–33, 97 S.Ct. 2490, 2495, 53 L.Ed.2d 557 (1977)("any federal interest in the outcome of the question before [the court] is far too speculative ... to justify the application of federal law to transactions essentially of local concern.").

The court agrees with the defendant. With respect to the validity of the plaintiff's claims, the existence of an alleged contract between Christus and the United States and the determination of the plaintiff's standing pursuant to 26 U.S.C. § 501(c)(3) are substantial and likely dispositive of many of her claims. Furthermore, the court finds Bobo's argument against federal-question jurisdiction rather disingenuous, considering the plaintiff's heavy reliance on Christus's tax-exempt status under Section 501(c)(3). The plaintiff finds herself in a proverbial "catch–22;" she relies on the defendant's federal tax-exempt status to bring this lawsuit, yet she attempts to distance herself from federal law by pleading the case under state law. The plaintiff cannot have it both ways. Although Bobo attempts to tiptoe around the federal issues and invoke them "as a stepping stone rather than a substantive right," the court finds her reliance on federal doctrine sufficient to support removal. *See Derrico v. Sheehan Emerg. Hosp.*, 844 F.2d 22, 28 (2d Cir.1988) (explaining that while a case may invoke federal law indirectly, the plaintiff's reliance on federal doctrine suffices to support removal). The federal tax principles from which the plaintiff's claims derive are a necessary predicate to their disposition. Therefore, the court concludes that this case requires the resolution of a substantial question of federal law, satisfying the third element of the *Howery* test.

### Conclusion

After conducting a pragmatic assessment of the nature of the federal interest at stake, the court concludes that federal-question jurisdiction exists. A federal obligation is an essential element of the plaintiff's claims, an interpretation of that obligation is necessary to resolve the case, and the question of federal law is substantial. Therefore, the court is of the opinion that the defendant has met its burden in establishing that federal subject-matter jurisdiction exists. Accordingly, the plaintiff's motion to remand is denied. It is, therefore,

**ORDERED**, that the plaintiff's motion to remand is hereby **DENIED**.