**Autumn Klosterman HARRISON**

v.

**CHRISTUS ST. PATRICK HOSPITAL, et al.**

No. 2:05 CV 0408.

United States District Court,
W.D. Louisiana.
Lake Charles Division.

May 4, 2006.

Thomas J. Gayle, Drew Ranier, Rainer Gayle & Elliot, Lake Charles, LA, for Autumn Klosterman Harrison.

Richard E. Gerard, Jr, Scofield Gerard et al, Lake Charles, LA, David A. Dodds, Matthew S. Chester, Nicholas Even, Noel M. Hensley, Haynes & Boone, Dallas, TX, for Christus St. Patrick Hospital, et al.

### WRITTEN REASONS

MINALDI, District Judge.

In a Report & Recommendation ("R & R") dated May 2, 2005 [doc. 27] the Magistrate Judge recommended that the plaintiff's Motion to Remand [doc. 15] be granted, to which the defendants objected. Oral arguments were heard on August 18, 2006, at which time this court found the objections appropriate, overruling the R & R and denying remand.

■ In the complaint filed on March 4, 2005 [doc. 1], the plaintiff asserts five causes of action: breach of contract, unjust enrichment, injunctive/declaratory relief, breach of fiduciary duty, and violations of Louisiana Unfair Trade Practices Act.[1] In a removal action, the party seeking to remove a case to federal court has the burden of establishing federal jurisdiction.[2] The Magistrate Judge concluded that the removing defendants had not met their burden and recommended remand.

The defendants raised four objections to the R & R:

1) The Magistrate Judge should not have "read around" the plaintiff's numerous references to and reliance upon the defendants' non-profit charitable status;

2) The plaintiff's allegations and requested declaratory relief implicate questions of federal healthcare policy, including Medicare or Medicaid regulations;

3) The R & R incorrectly concludes that the plaintiff must expressly assert a cause of action or expressly seek a remedy under the Federal Emergency Medical Treatment and Active Labor Act ("EMTALA") to confer federal jurisdiction over claims regarding emergency room treatment; and

4) The existence of a private, federal remedy is not a prerequisite for federal jurisdiction in this state.

The defendants first argue that the Magistrate Judge should not have "read around" the plaintiff's numerous references to and reliance upon the defendants' non-profit charitable status. The complaint contains numerous references to this status[3]. The plaintiff also alleges under uncited Louisiana law that the defendants' status creates duties under which the defendants are required to give the same discounts to the plaintiff and the putative class as are given to Medicare, Medicaid and managed care patients. The Louisiana not-for-profit statutes that govern tax-exempt charitable institutions incorporate federal law. This court will be required to analyze the federal law, as well as the state law, to determine what rights and obligations these laws impose upon the parties.

■ The plaintiff's claim of breach of fiduciary duty cannot be resolved without interpreting federal laws. The alleged fiduciary duty is based upon the defendants' charitable status. The plaintiff's repeated references to the defendants' not-for-profit or charitable status implicates federal law

---

**1.** Complaint ¶¶ 41–63.

**2.** See Ahearn v. Charter Township of Bloomfield, 100 F.3d 451, 453–54 (6th Cir.1996).

**3.** This reference occurs twenty-four times in the complaint.

and confers federal jurisdiction on this court. Although the plaintiff originally filed her lawsuit in state court pleading state claims, federal law, specifically the defendant's federal rights and obligations under 26 U.S.C. § 501(c)(3), is an essential element underlying the plaintiff's claims.

The plaintiff's allegations and requested declaratory relief also implicate questions of federal healthcare policy, including Medicare and Medicaid regulations. The definition of the putative class in the complaint is not based upon being insured or uninsured, but it is based upon the Medicare reimbursement rate. The plaintiff proposes that Medicare and Medicaid prices should be extended to non-indigent and uninsured [4] patients. This proposition raises questions of federal health care policy.[5] The plaintiff alleges that the defendants have been wrongful recipients of government subsidies and reimbursements. The *Kolari* [6] case recognized that this argument implicates a question of national health care policy. A determination of the merits of this argument would mandate an interpretation of federal statutes governing Medicare, Medicaid and reimbursements under those programs.

The Magistrate Judge also determined that the plaintiff must expressly assert a cause of action or expressly seek a remedy under EMTALA to confer jurisdiction. The complaint contains repeated allegations of improper emergency room screening and/or treatment based upon the plaintiff's ability to pay.[7] Congress has given the lower federal courts jurisdiction to hear, originally or by removal from a state court, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.[8] Federal question jurisdiction may exist where the resolution of the state law cause of action "necessarily turn[s] on some construction

---

**4.** Complaint ¶ 27.

**5.** *Kolari* at 575.

**6.** In *Kolari v. New York–Presbyterian Hosp.*, 382 F.Supp.2d 562, 575 (S.D.N.Y.2005), the plaintiffs acknowledged in oral argument that "the heart and soul of [their] case is the fact that the hospitals are charging rates, discriminatory rates, that are much higher for their uninsured patients than they are for their patients who have either private health insurance or are eligible for Medicare of Medicaid." The court found that the plaintiffs' state law claims, like their federal claims, were largely premised on the plaintiffs' baseless assertions that hospitals designated as charitable institutions are required to provide free health care to the uninsured and indigent. The state claims clearly raised questions of federal health care policy, especially when viewed in the context of the dozens of nearly identical state law claims in the dozens of similar lawsuits filed in courts all over the United States.

**7.** See Complaint ¶¶ 23, 24, 9, 15, 43. ¶¶ 23–24 The plaintiff alleges that she was treated in the emergency room on the day in question and that Christus required her to sign forms guaranteeing payment of unspecified charges as a condition of her treatment; ¶ 9 Before Christus admits uninsured patients into its hospitals and/or emergency rooms for medical care, it requires them to sign a form contract promising to pay Christus in full for unspecified and undocument charges; and ¶ 15 alleging that Christus has placed obstacles in the way of uninsured citizens who have tried to obtain healthcare, has constructed a "demoralizing relative barrier" that discourages [such patients] from returning to the hospital for needed care; and ¶ 43 alleging that, as a condition of treatment, Christus required its patients to sign consent treatment forms which state that the patients will pay for such services.

**8.** *Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for Southern California*, 463 U.S. 1, 27–28, 103 S.Ct. 2841, 2856, 77 L.Ed.2d 420 (1983).

of federal law."[9] The lack of a clearly stated federal cause of action does not preclude removal.[10] The EMTALA requires hospitals to provide care to any person requiring emergency treatment regardless of citizenship, legal status or ability to pay. Federal question jurisdiction in this case is conferred based upon the plaintiff's allegations of improper emergency room screening and/or treatment based upon the plaintiff's ability to pay.

■ The R & R also states that the Fifth Circuit requires the existence of a private, federal remedy to remove a case based upon a federal element embedded in a state cause of action.[11] Whether a federal law is essential to a state law claim hinges on whether the federal right or obligation, as incorporated within a state law claim or claims, is "such that it will be supported if the Constitution or laws of the United States are given one construction or effect, and defeated if they receive another."[12] As in *Bobo v. Christus Health*, 359 F.Supp.2d 552, 556 (E.D.Tex., 2005), the plaintiff in the instant case contends that mere references to Section 501(c)(3) and federal tax exemptions do not create federal-question jurisdiction, relying on the Supreme Court's holding in *Merrell Dow Pharmaceuticals, Inc., v. Thompson*, 478 U.S. 804, 813, 106 S.Ct. 3229, 3234–35, 92 L.Ed.2d 650 (1986), that "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." The present case, however, involves elements of federal law that are essential to the plaintiff's state law claims, and the plaintiff's reliance on the principles enunciated in *Merrell Dow* is misplaced. The federal law at issue in this case is not collateral or remote. Rather, the plaintiff's "references" to the defendant's tax-exempt status is central to the dispute. Given the plaintiff's emphasis on the defendants' tax-exempt status, her argument that the federal right is not an essential element of her state law claims is unconvincing. Therefore, the federal statute in question is essential to the plaintiff's state law claim.

This court has also considered the convoluted history of this case and finds it to be a blatant attempt at forum manipulation.[13] This case is part of myriad of similar cases filed nationwide against not-for-profit hospitals. Similarly situated Christus defendants have previously been removed and obtained a dismissal of similar claims in Texas.[14] The plaintiff began this litigation by filing in the Middle District of Louisiana, despite the fact that she lives in the Western District of Louisiana and the hospital is located therein. The suit in the Middle District invoked federal jurisdiction over her claims. The defendants allege that when it became apparent to the plaintiff, through the questions of the judge in the Middle District, that this case may be transferred to this district, the plaintiff voluntarily dismissed the suit.

**9.** *Id.* at 27–28, 103 S.Ct. 2841.

**10.** *Grodi v. Mandalay Resort Group, Inc.*, 2003 WL 22244048, *1–2 (N.D.Miss.2003); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987).

**11.** R & R, p. 5–6.

**12.** *Bobo v. Christus Health*, 359 F.Supp.2d 552, 556 (E.D.Tex.,2005); *Amalgamated Ass'n* of St. Elec. Ry. & Motor Coach Emp. of Am., Div. No. 1127 v. S. Bus Lines, 189 F.2d 219, 222 (5th Cir.1951); *Gully v. First Natl. Bank*, 299 U.S. 109, 112, 57 S.Ct. 96, 97, 81 L.Ed. 70 (1936).

**13.** *Tedford v. Warner–Lambert Co.*, 327 F.3d 423, 428 (C.A.5 (Tex.), 2003).

**14.** *See Bobo v. Christus Health*, 359 F.Supp.2d 552 (E.D.Tex.2005).

Then, in February 2005, the plaintiff refiled her suit in Calcasieu Parish, alleging nearly identical theories, but deleting express references to federal law.[15] The case was removed to this court and the plaintiff moved for remand. When asked at oral arguments why the this case had been brought in the Middle District, rather than answering the question, plaintiff's counsel indicated that this was a decision made by "a collective group of people" who believed that their clients' "best interests" would be served by filing in the Middle District.[16] Counsel could not explain why the Middle District would be a more advantageous forum.

The plaintiff argued that her suit is based entirely on state law claims that do not require an interpretation of the Medicare and Medicaid Acts, but counsel for the plaintiff could not adequately explain why this comparison would not be necessary. The plaintiff argued that the sole basis for this suit lies in Louisiana tort law, Civil Code article 2315. Counsel for the plaintiff stated that while an interpretation/comparison of the Medicare and Medicaid Acts would not be required, an analysis would be. These artful semantics are not persuasive. The references to Medicare and Medicaid in the complaint are not superfluous as suggested by the plaintiff. These acts are an integral part of the required analysis of these alleged claims.

Accordingly, for the reasons stated herein, the court found the objections appropriate, overruled the R & R and denied remand.

## REPORT AND RECOMMENDATION

WILSON, United States Magistrate Judge.

Before the court is plaintiff's motion to remand [doc. # 15].[1]

On January 15, 2003, Autumn Klosterman Harrison went to Christus St. Patrick Hospital's emergency room for treatment following a car accident. (Harrison II Complaint, ¶ 23). Christus St. Patrick required Harrison to file a series of forms obligating her to pay the resulting medical expenses. *Id.* Harrison had no applicable insurance and was never offered charity care or any need-based discount. *Id.* at ¶ 24. Christus St. Patrick subsequently billed Harrison $2,458.60 for its services. *Id.* at ¶ 23.

At the time, Harrison did not know that Christus St. Patrick charged significantly more to its uninsured patients than it charged insured patients for the same services. (Harrison II Complaint, ¶ 25). Harrison now believes that Christus St. Patrick should change its policy and instead make a good faith effort to determine a patient's ability to pay, and not bill those who are unable to pay. *Id.* at ¶ 27. Harrison contends that free care or "reduced or equal cost care" should be provided to patients based upon their ability (or inability) to pay. *Id.*

---

**15.** In ¶ 30 of the Complaint, the plaintiff states that "[t]here is no federal jurisdiction. The claims asserted by the Plaintiff and the Class invoke no federal question or statute, and federal law does not preempt Plaintiff's state law causes of action. Plaintiff states, and intends to state, causes of action solely under Louisiana law and expressly denies any attempt to state a cause of action under federal law."

**16.** Transcript of August 18, 2005, oral arguments, p. 10.

**1.** This motion has been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A)

Accordingly, on August 5, 2004, Harrison filed a Class Action Complaint in the United States District Court for the Middle District of Louisiana. Made defendants were: Christus Saint Patrick Hospital of Lake Charles; Christus Health Southwestern Louisiana; Christus Health (collectively, "Christus"); the American Hospital Association; and John Does 1–10. (Harrison I Complaint; ¶ 4). Plaintiff invoked the court's federal question jurisdiction, 28 U.S.C. § 1331, premised upon a federal contract between Christus and the United States Government whereby Christus purportedly agreed to provide affordable medical care to its uninsured patients in exchange for its tax exempt status under 26 U.S.C. § 501(c)(3). In November 2004, defendants filed motions to dismiss the complaint for failure to state a claim. Implicitly recognizing the strength of defendants' arguments, and because no defendant had filed an answer or motion for summary judgment, plaintiff voluntarily dismissed her suit without prejudice on December 22, 2004. Fed.R.Civ.P. 41.

However, that did not conclude the matter. On February 11, 2005, Harrison filed the instant Class Action Complaint in the 14th Judicial District Court for the Parish of Calcasieu, State of Louisiana. (Harrison II Complaint). Made defendants were the same defendants as in Harrison I, save for the American Hospital Association. *Id.* at ¶ 17. The factual allegations in the two complaints are similar; however, the instant complaint was tweaked to remove the references to, and the bases for federal question jurisdiction. Moreover, the new complaint specifically states that,

> [t]here is no federal question jurisdiction. The claims asserted by Plaintiff and the Class invoke no federal question or statute, and federal law does not preempt Plaintiff's state law causes of action. Plaintiff states, and intends to state, causes of action solely under Louisiana law and expressly denies any attempt to state a cause of action under federal law.

Harrison II, ¶ 30.[2]

Notwithstanding the foregoing disclaimer, on March 4, 2005, defendants removed the case to federal court on the basis of federal question jurisdiction.[3] One week later, defendants filed a motion to dismiss for failure to state a claim, Fed.R.Civ.P. 12(b)(6). On March 23, 2005, plaintiff filed the instant motion to remand. The latter motion is now before the court.

*Law*

"A state-court action may be removed to federal court if it qualifies as a 'civil action … of which the district courts of the United States have original jurisdiction,' unless Congress expressly provides otherwise." *Rivet v. Regions Bank of Louisiana,* 522 U.S. 470, 474, 118 S.Ct. 921, 925, 139 L.Ed.2d 912 (1998)(citing 28 U.S.C. § 1441(a)). In this case, the removing defendants invoke federal question jurisdiction, that is, they argue that the action is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.[4] If any one of plaintiff's

---

**2.** We do not automatically make any negative inferences from plaintiff's decision to file multiple suits. *See e.g., Carpenter v. Wichita Falls Independent School District,* 44 F.3d 362 (5th Cir.1995)(plaintiff filed two separate suits, one each in federal and state court).

**3.** Both sides agree that the instant suit precedes the effective date of the recently enacted Class Action Fairness Act.

**4.** As the Fifth Circuit once quoted, "[o]ne difficulty with federal-question jurisdiction is that nobody knows how to define it." *Oliver v. Trunkline Gas Co.,* 796 F.2d 86, 88 (5th Cir.1986) (citation omitted).

causes of action comes within the original jurisdiction of the federal courts, removal is proper as to the whole case. *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal.,* 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983).

"The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet, supra;* (citations omitted). An "independent corollary" to the well-pleaded complaint rule is the "artful pleading" doctrine. *MSOF Corp. v. Exxon Corp.,* 295 F.3d 485, 490 (5th Cir.2002)(*citing Rivet, supra* ). This principle provides that a " plaintiff may not defeat removal by omitting to plead necessary federal questions." *Rivet, supra* (citation omitted). The artful pleading doctrine permits removal in cases where federal law completely preempts the plaintiff's state law claim. *Id.*

Over the years, the Supreme Court has found complete preemption in only two categories of cases—certain causes of action under the Labor Management Relations Act and the Employee Retirement Income Security Act of 1974. *Beneficial National Bank v. Anderson,* 539 U.S. 1, 8, 123 S.Ct. 2058, 2063, 156 L.Ed.2d 1 (2003). Yet, in *Beneficial,* the Court expanded complete preemption to include §§ 85 and 86 of the National Bank Act because those federal laws provide the "exclusive cause of action" for usury claims. *Beneficial, supra.* The Court further remarked that, "a state claim may be removed to federal court in *only two* circumstances—when Congress expressly so provides ... or when a federal statute wholly displaces the state-law cause of action through complete pre-emption." *Id.* (emphasis added). If the Court intended the preceding sentence to exhaustively summarize the grounds for removal, then it is manifest that the instant removal was improper;—for here, defendants support removal solely upon the basis that at least one of plaintiff's claims presents a "substantial federal question." [5]

Under prior Supreme Court precedent, a cause of action that is created by state law may still "arise under" the laws of the United States if the well-pleaded complaint establishes that plaintiff's right to relief under state law requires resolution of a substantial, disputed question of federal law. *Franchise Tax Bd.,* 463 U.S. at 13, 103 S.Ct. at 2848. In 2001, the Fifth Circuit, formulated the following criteria for determining when a state law cause of action creates federal question jurisdiction: 1) the federal right must be an essential element of the state claim; 2) interpretation of the federal right must be necessary to resolve the case; and 3) the question of federal law must be substantial. *Howery v. Allstate Ins. Co.,* 243 F.3d 912, 917 (5th Cir.2001) (citations omitted).

Yet, utilizing the same Supreme Court cases as the panel in *Howery,* the Fifth Circuit earlier recognized that a private, federal remedy was a minimum requirement to a determination that a federal element embedded in a state cause of action conveyed federal question jurisdiction. *Willy v. Coastal Corp.,* 855 F.2d 1160, 1168–1169 (5th Cir.1988)(*citing, Merrell Dow Pharmaceuticals, Inc. v. Thompson,*

---

5. In *Hoskins v. Bekins Van Lines,* the Fifth Circuit relied on the preceding sentence from *Beneficial* to summarize federal question jurisdiction. *Hoskins v. Bekins Van Lines,* 343 F.3d 769, 773 (5th Cir.2003). *See also, Bur-*

*ton v. Southwood Door Co., Mea, Inc.,* 305 F.Supp.2d 629, fn. 4 (S.D.Miss.2003)(observing that whether a "substantial federal question" remains a proper basis for removal is in doubt after *Beneficial* ).

478 U.S. 804, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986));[6] *see also, Burton,* 305 F.Supp.2d at 634; *Brock v. Provident America Ins. Co.* 144 F.Supp.2d 652, 659 (N.D.Tex.2001).[7] Here, as we shall see, removing defendants have established neither all elements of the tripartite *Howery* test, nor that Congress provided a private, federal remedy for any purported federal element embedded in plaintiff's state law claims.

## Discussion

Harrison asserts five causes of action: breach of contract, unjust enrichment, injunctive/declaratory relief, breach of fiduciary duty, and violations of the Louisiana Unfair Trade Practice Act. (Complaint, ¶¶ 41–63; Def. Opp. Memo., pgs. 4–5). Christus contends that plaintiff's complaint also contains allegations sounding under the Federal Emergency Medical Treatment and Active Labor Act ("EMTALA"), 42 U.S.C. § 1395dd.[8] While Harrison's complaint contains provisions that when taken out of context could arguably be construed to support a claim under EMTALA, it is manifest that plaintiff does not seek recovery under that statute. (*See,* Def. Opp. Memo., pgs. 12–13). Rather, the plain object of Harrison's complaint is to challenge Christus's practice of charging disparate rates based upon a patient's insured status. Moreover, Harrison specifically enumerated her causes of action— none of which included a claim under EMTALA.[9] Even if plaintiff did enjoy a potential cause of action under EMTALA, she (as here) is permitted to avoid federal jurisdiction by relying exclusively on state law. *MSOF Corp. v. Exxon Corp.,* 295 F.3d 485, 490 (5th Cir.2002)(*citing, Caterpillar, Inc. v. Williams,* 482 U.S. 386, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987)). It is axiomatic that "[a] plaintiff with a choice between federal- and state-law claims may elect to proceed in state court on the exclusive basis of state law, thus defeating the defendant's opportunity to remove, but taking the risk that [her] federal claims will one day be precluded." *Carpenter,* 44 F.3d at 367. (*citing, Merrell Dow, supra* )).[10]

Defendants next argue that a substantial federal issue is an essential element of plaintiff's breach of fiduciary duty claim. The complaint alleges that "Christus owed fiduciary duties to the Plaintiff and the Class as a not-for-profit charitable healthcare provider under Louisiana law." (Complaint, ¶ 59). Defendants contend that plaintiff's reference to Louisiana law

---

**6.** In *Merrell Dow,* the Court stated that "the congressional determination that there should be no federal remedy for the violation of [a] federal statute is tantamount to a congressional conclusion that the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently 'substantial' to confer federal-question jurisdiction." *Merrell Dow,* 478 U.S. at 814, 106 S.Ct. at 3235.

We are not persuaded that the federal remedy requirement applies only when plaintiff's state cause of action includes a claimed "violation" of a federal statute. *See, Willy, supra, Burton, supra,* and *Brock, supra.* Nevertheless, it is manifest that Christus's interpretation of plaintiff's breach of fiduciary duty claim effectively requires Harrison to establish that defendants violated an implied contract arising by virtue of a federal statute. *See* discussion, *infra.*

**7.** We adopt the discussion of the private-remedy requirement in *Brock.*

**8.** EMTALA requires hospitals to stabilize emergency patients without regard to their ability to pay. 42 U.S.C. § 1395dd.

**9.** In fact, there are no allegations that plaintiff was ever denied treatment at the hospital.

**10.** Of course, Harrison is likely not foregoing much, because as defendants emphasize in their motion to dismiss, plaintiff does not have a viable claim under EMTALA. (Def.M/Dismiss, pg. 6).

in ¶ 59 implies reliance on Louisiana's income tax exemption, which in turn, looks to federal law.[11] Yet, no party contests that Christus is a not-for-profit, tax-exempt charitable institution under federal law. (*See generally*, Def. M/Dismiss, pgs. 4–5). Accordingly, Christus's tax exempt status does not require an interpretation of federal law and does not present a federal question. *See*, *Howery*, 243 F.3d at 917, fn. 20.

Furthermore, we are not persuaded that the breach of fiduciary duty claim necessarily requires consideration of the circumstances under which the tax-exempt status was granted by the IRS. *Contrast*, *Maldonado, et al, v. Ochsner Clinic Foundation, et al.*, Civil Action Number 04–2635 (E.D.La. Dec. 7, 2004); *Bobo v. Christus Health*, 359 F.Supp.2d 552, 556, 2005 WL 665334 (E.D.Tex.2005). Unlike the complaints in *Maldonado*, *Bobo*, and *Harrison I*, the instant complaint (*Harrison II*) does not condition recovery upon a determination that plaintiff is a third-party beneficiary to an implied contract between defendants and the government arising from defendants' tax-exempt status.[12] Indeed, third-party beneficiary status is potentially superfluous in the context of a breach of fiduciary claim.[13]

As recognized by defendants in their motion to dismiss, " '[t]he essence of the fiduciary duty lies in the special relationship between the parties.' " (Def. M/Dismiss, pg. 12), *quoting*, *Beckstrom v. Parnell*, 730 So.2d 942, 948 (La.App. 1st Cir. 1998). Yet, Harrison need not, and does not rely on third-party beneficiary status to establish the requisite relationship with defendants. Rather, defendants' fiduciary obligations (if any) could arise by virtue of its direct relationship with plaintiff as her healthcare provider. Given that it is uncontested that state law accords tax exempt status to Christus, the issue becomes whether that status imposes fiduciary obligations upon defendants and whether defendants have breached those duties. Yet, defendants have not established that resolution of these questions *requires* interpretation of a federal right that is an essential element of plaintiff's claim. Instead, these issues can, in all likelihood, be resolved by relying exclusively on state law. *See e.g.*, *Wadsworth v. ABC Ins. Co.*, 732 So.2d 56, 58 (La.App. 4th Cir.1998)(Louisiana jurisprudence has acknowledged the existence of fiduciary obligations involving attorneys, stockbrokers, trustees, usufructuaries, executors, administrators and directors).[14]

Even if Christus had established the requisite *Howery* factors with regard to plaintiff's breach of fiduciary duty claim— or as to any of her other claims, defen-

---

**11.** *See*, La. R.S. 47:287.501 ("An organization described in I.R.C. Sections 401(a) or 501 shall be exempt from income taxation under this Part to the extent such organization is exempt from income taxation at federal law, unless the contrary is expressly provided.").

**12.** *Compare*, *Maldonado*, *supra* (plaintiffs sought recovery as third-party beneficiaries to the agreement between the tax-exempt defendants and the government); *Bobo*, *supra* ("One of the central issues presented in this case is whether Section 501(c)(3) creates an express or implied contract with the United States government and, moreover, whether the plaintiff is entitled to bring suit against

the defendant as a third-party beneficiary of the alleged contract.").

**13.** Although unnecessary, plaintiff could still argue that it is a third-party beneficiary without conferring federal question jurisdiction because this would merely be an alternate theory in support of the same breach of fiduciary duty claim, and thus is not essential. *Howery*, 243 F.3d at 918; *see* discussion, *infra*.

**14.** But, *Wadsworth* found no Louisiana cases that had addressed whether a fiduciary relationship existed between a physician and a patient. *Id.*

dants have not alleged, let alone established that Congress created a private, federal remedy for an entity's alleged abuse of its tax-exempt status.[15] In the absence of an associated private, federal remedy, any federal element embedded in a state-created cause of action is insubstantial, and does not confer federal question jurisdiction. *Merrell Dow, supra; Willy, supra.*

Finally, defendants contend that because this case could ultimately require an interpretation of federally-created programs such as Medicare and Medicaid, a substantial question of federal law is presented. However, Harrison's complaint challenges defendants' billing practices not only because of the disparate rate charged Medicare and Medicaid patients, but alternatively because of the lower rates charged to patients with health insurance. Thus, any challenge premised on the disparate Medicare and Medicaid rate does not confer federal question jurisdiction because it is an alternate theory in support of the same claim. *See, Howery, supra.* Additionally, defendants have not alleged or established that Congress created a private, federal remedy for a patient to compel a healthcare provider to bill her at the same rate as it bills Medicare and Medicaid recipients. *See, Merrell Dow, supra; Willy, supra.*

In conclusion, we emphasize that federal courts are courts of limited jurisdiction. *Howery, supra* (citations omitted). We must presume that a suit lies outside of our limited jurisdiction until the party invoking federal jurisdiction establishes otherwise. *Id.* Here, removing defendants have not met their burden. Accordingly, we lack subject matter jurisdiction and remand is required. 28 U.S.C. § 1447(c). For the foregoing reasons,

IT IS RECOMMENDED that plaintiff's motion to remand [doc. # 15] be GRANTED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED–TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

May 2, 2005.

---

**15.** Indeed, defendants contend just the opposite in their motion to dismiss. (Def. M/Dismiss, pgs. 4–5: "... courts have held that the nonprofit tax-exempt status of charity hospitals does not confer private rights of action on citizens for similar claims.").